UNITED STATES of America, Appellee,

v.

**Victor CONTRERAS,
Defendant-Appellant.**

**No. 240, Docket 85–1295.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 4, 1985.
Decided Oct. 31, 1985.

Debra D. Newman, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Allyne R. Ross, Marion Bachrach, of counsel), for appellee.

Richard Ware Levitt, New York City, for defendant-appellant.

Before FRIENDLY, PIERCE and PRATT, Circuit Judges.

PIERCE, Circuit Judge:

Section 3142(e) of the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.* (Act), provides that a rebuttable presumption arises that no condition or combination of conditions can assure the appearance of the defendant or the safety of the community if "the judicial officer finds that there is *probable cause* to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" (emphasis added.) The question presented here is whether the judicial officer must hold an evidentiary hearing in order to determine whether probable cause exists or whether he may draw this conclusion solely from the fact that an indictment by a grand jury charging such an offense has been filed against a defendant. We hold that the filing of an indictment charging a defendant with an offense as set forth in § 3142(e) suffices to enable the judicial officer to make a probable cause finding, and we therefore affirm.

## BACKGROUND

On July 25, 1985, the appellant, Victor Contreras, was arraigned before Judge John R. Bartels in the United States District Court for the Eastern District of New York, following the filing of an indictment charging the appellant and a co-defendant with conspiracy to possess cocaine with intent to distribute and a substantive count of possession of cocaine with intent to distribute. Upon arraignment, the appellant pleaded not guilty and the government moved for a detention hearing pursuant to §§ 3142(f)(1)(C) and (2)(A) of the Act.

At the detention hearing, the district judge found that there was probable cause to believe that appellant had committed narcotics offenses punishable by a prison term of at least ten years, thus triggering the § 3142(e) presumption of flight. He rested this finding upon the mere filing of the indictment charging appellant with such offenses. After considering the evidence presented by each side, the district judge concluded that appellant should be

detained because he had failed to rebut the § 3142(e) presumption and because the Government had proved by a preponderance of the evidence that no condition or combination of conditions would reasonably assure appellant's appearance at trial.[1]

Appellant maintains that the district court erred in its interpretation of § 3142(e) of the Act when the court held that the finding of probable cause that appellant committed the predicate narcotics offenses necessary to trigger the Act's rebuttable presumption of flight was conclusively determined by the filing of the indictment. Appellant contends that a judicial officer must make an independent determination as to the existence of probable cause in order to meet the requirements of § 3142(e), regardless of the grand jury's return of an indictment.

## DISCUSSION

Clearly, § 3142(e) of the Act states that the presumptions of flight and danger arise only after the "judicial officer finds" probable cause. What is unclear is whether the judicial officer must conduct an evidentiary hearing in order to make an assessment as to the existence of probable cause or may simply rely upon the indictment. The relevant legislative history provides little direction on this point. Congress sought to provide adequate procedural safeguards in the Act in order to satisfy constitutional requirements, yet did not wish to establish burdensome procedural obstacles to the Act's implementation. Hence, Congress adopted the probable cause standard rather than the "substantial probability" test then present in the District of Columbia's pretrial detention statute. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 18, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3201. Congress noted the "burden of meeting the 'substantial probability' requirement" and

concluded that the probable cause standard is "constitutionally sufficient in the context of ordering pretrial detention." *Id.* The Senate Judiciary Committee stated that:

> the fact that the judicial officer has to find probable cause will assure the validity of the charges against the defendant, and ... any additional assurance provided by a 'substantial probability' test is outweighed by the practical problems in meeting this requirement at the stage at which the pretrial detention hearing is held.

*Id.* Initially, this seems to suggest that Congress envisioned an independent judicial assessment would be made in all cases; however, a footnote attached to that text implies that the judicial officer may rely upon other determinations of probable cause. It reads:

> [b]ecause of the requirements of Rules 4(a) and 5(a) of the Federal Rules of Criminal Procedure, probable cause that the defendant committed the offense with which he is charged must be established either prior to, or at the time of, the initial appearance. Furthermore, the issue of probable cause will subsequently be reexamined in the course of a preliminary hearing or in proceedings leading to the filing of an indictment.

*Id.* at n. 57. Thus, it is unclear whether Congress intended to require an evidentiary hearing on the issue of probable cause for § 3142(e) purposes once an indictment has been filed. In our view, to interpret the Act as requiring such a hearing would contravene established congressional policy as well as judicial precedent without a clear directive from Congress.

▮▮▮▮ In other contexts, it is well settled that an "indictment, 'fair upon its face,' and returned by a 'properly constituted

---

**1.** Appellant does not challenge the district judge's evidentiary determinations in this appeal. Since appellant did come forward at the detention hearing with some evidence tending to counter the § 3142(e) presumption of flight, we would be reluctant to conclude that he failed to meet the rather limited burden of production

that § 3142(e) imposes. *See United States v. Jessup,* 757 F.2d 378, 381–82 (1st Cir.1985). We need not address this issue, however, in view of the district court's finding that the Government met its burden of proof on the issue of risk of flight.

grand jury,' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1975) (quoting *Ex parte United States*, 287 U.S. 241, 250, 53 S.Ct. 129, 131, 77 L.Ed. 283 (1932)); *see Giordenello v. United States*, 357 U.S. 480, 487, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958). An indictment is sufficient to try a defendant on the counts charged therein, and satisfies the requirements of the fifth amendment, *Lawn v. United States*, 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958); it cannot even be challenged on the ground that it is based on inadequate or incompetent evidence, *see Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). Furthermore, the return of an indictment eliminates the need for a preliminary examination at which a probable cause finding is made by a judicial officer pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure. *Sciortino v. Zampano*, 385 F.2d 132, 133 (2d Cir.1967), *cert. denied*, 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872 (1968). "A post-indictment preliminary examination would be an empty ritual, as the government's burden of showing probable cause would be met merely by offering the indictment. Even if the [judicial officer] disagreed with the grand jury, he could not undermine the authority of its finding." *Id.* Congress has codified this holding into Rule 5(c). *See also* Fed.R.Crim.P. 5.1 advisory committee note.

The inviolability of the grand jury's findings is based upon the belief that the grand jury plays an "historical role of protecting individuals from unjust prosecution," *Gerstein*, 420 U.S. at 117 n. 19, 95 S.Ct. at 865 n. 19. *See generally United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Furthermore, "[i]f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great

indeed." *Costello*, 350 U.S. at 363, 76 S.Ct. at 408.

■ Applying these principles to the issue before us, we hold that a grand jury indictment cannot be undermined by an independent judicial determination finding no probable cause in the context of a detention hearing. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985). *But see United States v. Allen*, 605 F.Supp. 864, 869 (W.D.Pa.1985); *United States v. Maktabi*, 601 F.Supp. 607, 611 (S.D.N.Y. 1985). We cannot hold otherwise in the absence of clear congressional intent directing this court to disturb longstanding legal authority and, in addition, to impose this significant burden on the district courts. Were an evidentiary hearing addressing the existence of probable cause required in every § 3142(e) case in which an indictment had been filed, the court would spend scarce judicial resources considering that which a grand jury had already determined, and have less time to focus on the application of the presumptions and the § 3142(g) factors in deciding whether the defendant should be detained. *Cf.* S.Rep. No. 225 at 21, 1984 U.S.Code Cong. & Ad.News at 3204 (judicial officer should focus on detention). Further, as discussed, a contrary holding would violate Congress' own policy insofar as it is expressed by Rule 5(c). *See* Fed.R.Crim.P. 5.1 advisory committee note.

Furthermore, such a result is not dictated by the policy of the Act itself. Congress established the probable cause standard in § 3142(e) to avoid the burdens of a more stringent requirement and with a view to passing constitutional muster. *See* S.Rep. No. 225 at 18, 1984 U.S.Code Cong. & Ad.News at 3201. As noted above, an indictment returned by a duly constituted and unbiased grand jury satisfies the Constitution as to the existence of probable cause that the defendant committed the crimes enumerated therein. *See Lawn*, 355 U.S. at 349, 78 S.Ct. at 317. To reiterate, to require an additional determination that probable cause exists in these cases would burden the courts with an evidentiary hear-

ing which Congress has not clearly demanded, and which would be inconsistent with existing legal authority.

We also note that a hearing as to the existence of probable cause once an indictment has been returned may serve as a discovery tool by the defendant of the government's evidence. As we observed in *Sciortino*, "[i]t is most unlikely that having provided carefully for a limited discovery in [the Federal Rules of Criminal Procedure,] the draftsmen intended that the discovery adventitiously attached to the preliminary hearing should constitute a further right of the accused." 385 F.2d at 134.

Finally, we foresee an incongruous result if we adopt the position urged upon us by the appellant. Should the judicial officer determine that for the purpose of the detention hearing no probable cause exists that the defendant committed the crime for which he was indicted, presumably the defendant would still be brought to trial upon the same indictment. At the very least, such a result would tend to undermine the role of the grand jury as the "sole method for preferring charges in serious criminal cases" and diminish the "high place it [has] held as an instrument of justice." *Costello*, 350 U.S. at 362, 76 S.Ct. 408.

We conclude that the presence of an indictment returned by a duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumptions set forth in § 3142(e). Accordingly, we affirm the ruling of the district court.