**UNITED STATES, Appellee,**

v.

**Juan VARGAS, Defendant, Appellant.**

**No. 86–1645.**

United States Court of Appeals,
First Circuit.

Submitted Aug. 13, 1986.

Decided Oct. 6, 1986.

Jonathan Shapiro and Stern & Shapiro, Boston, Mass., on brief, for defendant, appellant.

Jonathan Chiel, Asst. U.S. Atty., and William F. Weld, U.S. Atty., Boston, Mass., on brief, for appellee.

Before COFFIN, BOWNES, and TORRUELLA, Circuit Judges.

PER CURIAM.

Juan Vargas appeals from an order of the district court detaining him pending trial pursuant to section 3142(e) of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.* We affirm.

*Background*

In May, 1986, Vargas and twelve other crewmen were arrested aboard a vessel. On May 20, 1986, a criminal complaint issued charging Vargas and the other defendants with, among other things, violating 21 U.S.C. § 952(a), which prohibits importation into the United States of controlled substances.

Vargas and the other defendants appeared before a magistrate on May 21. At that time, the government moved to temporarily detain the defendants pursuant to 18 U.S.C. § 3142(d).[1] The magistrate had before her pretrial services reports on all of the defendants, which contained information regarding their family ties, residence, employment, financial resources, health, and prior record. In light of that information, the magistrate granted the motion, finding that Vargas and the other defendants were not United States citizens and that they posed a risk of flight. They were ordered temporarily detained until June 5, 1986. The magistrate also noted that if Immigration and Naturalization officials did not take the defendants into custody during the period prescribed by section

---

1.  18 U.S.C. § 3142(d) provides in pertinent part:
    **(d) Temporary detention to permit revocation of conditional release, deportation, or exclusion.**—If the judicial officer determines that—
    (1) the person—

    .     .     .     .     .     .

    (B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and

    (2) the person may flee or pose a danger to any other person or the community;

    he shall order the detention of the person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify ... the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the other provisions of this section ...

§ 3142(d), then the court would schedule a supplemental detention hearing pursuant to 18 U.S.C. § 3142(e).

Vargas was indicted on May 30, 1986. The indictment charged him with, among other things, conspiracy to import marijuana into the United States, and conspiracy to possess with intent to distribute marijuana aboard a United States vessel. Vargas and the other defendants were arraigned that day. All defendants were represented by counsel. At the arraignment, after the first defendant (not Vargas) entered a plea of not guilty, the magistrate asked the government if there was "an issue of bail." The government replied, "Your Honor, we're going to seek to detain each and every one of these defendants," to which the magistrate replied, "Okay. Continue detention." After the next defendant (not Vargas) pled, the magistrate again asked about bail. The following exchange occurred:

> [GOVERNMENT]: "Again, Your Honor, we're going to seek to detain each and every one of these defendants, so we'd ask that it be continued"—
> THE COURT: Okay.
> [GOVERNMENT]:—for a detention hearing.
> THE COURT: Okay.

The magistrate continued to inform each defendant, including Vargas, of the charges against him, and she accepted each defendant's plea. At the end of the hearing, the magistrate stated that she was detaining the defendants. She also stated that, since counsel probably had not had much time to confer with the defendants, "if at any time [each defendant] would wish individually to have a detention hear-

ing ... you should so notify the Clerk. Is that understood?" No one objected to the magistrate's decision.

On June 5, Vargas moved for release from detention, arguing that the 10 day temporary detention period had expired. A hearing was held that day, at which the magistrate initially stated that it was her understanding that at the May 30 hearing, the government had moved for pretrial detention of all defendants based on risk of flight. She indicated that an attorney representing one of the defendants had waived argument on the detention issue, and that "no other counsel contested the detention." She stated that at that hearing she had ordered the defendants detained pursuant to section 3142(e).[2] The magistrate stated to Vargas' counsel that if he wished to argue the issue of detention then or have the court reconsider the detention motion "based on a proffer of something then the Court will do it." The government stated that it believed that the purpose of the June 5 hearing was that Vargas' attorney intended "to move for some sort of hearing or some sort of reconsideration [of the pretrial detention order] under 3142(e), and we are prepared to meet that." Vargas' counsel did not argue the merits of the detention order or proffer any evidence related to the merits of that order. He disputed that he sought reconsideration, arguing that there was nothing to reconsider since, in his view, the government had not moved for pretrial detention under section 3142(e), and that any request by the government for pretrial detention was untimely. He also contended that Vargas had not had a timely pretrial detention hearing pursuant to 18 U.S.C. § 3142(f). The magistrate dis-

---

**2.** 18 U.S.C. § 3142(e) provides in relevant part:
(e) **Detention.**—If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial ... Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as re-

quired and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

agreed. That same day, the magistrate issued a written detention order. In that order, the magistrate stated that at the May 30 hearing, the government had moved for pretrial detention of the defendants (including Vargas), ostensibly on the basis that defendants were illegal aliens with no ties to the community, and that the defendants presented a risk of flight "based on the dearth of information provided to pretrial services in its report." Noting that "[n]o counsel contested the government's motion nor moved for a continuance," the magistrate stated that she had allowed the detention motion pursuant to 18 U.S.C. § 3142(e). She also stated that at the conclusion of the May 30 hearing, she had informed counsel that if they wished "a further hearing on the matter of detention, they could so inform the Court by motion." In the June 5 order, the magistrate made findings and concluded that Vargas and the other defendants should be detained pursuant to section 3142(e).

On June 9, 1986, Vargas filed in the district court a motion to revoke the magistrate's detention order; a hearing was held on July 3. At the hearing, the district court concluded that Vargas had been afforded a timely detention hearing under section 3142(f) and that there was an adequate basis for the magistrate's June 5 detention order. The district court also held that Vargas was entitled to a *de novo* detention hearing. That hearing was held on July 7. At the hearing, Vargas testified and presented other evidence in support of his contention that he should not be detained pending trial. The district court found that there was a risk of flight and that no condition or combination of conditions would reasonably assure Vargas' appearance. The court therefore ordered him detained pursuant to section 3142(e).

### Temporary Detention Hearing

■ Vargas initially argues that the magistrate's order which temporarily detained him pursuant to 18 U.S.C. § 3142(d) was improper because he allegedly was entitled to, but did not receive, a prior hearing or the assistance of counsel. However, Vargas has not disputed appellee's claim that Vargas did not raise this issue in the district court, and we have found nothing in the record before us indicating that Vargas raised this issue below. Thus, we conclude that he has waived the issue. *See United States v. Johnston*, 784 F.2d 416, 422 (1st Cir.1986); *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979).

### Timeliness of Pretrial Detention Hearing

■ Before detention may be ordered under section 3142(e), a detention hearing must be held in accordance with section 3142(f). Section 3142(f) provides that a detention hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance." [3] However, when a defendant has been temporarily detained under section 3142(d), courts have not construed the "first appearance" requirement of section 3142(f) as requiring that a section 3142(f) hearing be held at the defendant's first appearance before a judicial officer when temporary detention was ordered. *See, e.g., United States v. Becerra-Cobo*, 790 F.2d 427, 430 (5th Cir.1986) (holding that section 3142(e) detention of a person who has not been admitted for permanent residence pending trial need not be demanded at the first temporary detention appearance so long as it is demanded at the first appearance of the defendant for any other purpose and the hearing is held within the ten day temporary detention period); *United States v. Alatishe*, 768 F.2d 364, 369 (D.C.Cir.1985) (holding that a section 3142(f) detention hearing that did not occur at the defendant's first appearance before a judicial officer, but that *might* have fallen within the ten day temporary detention period of section 3142(d) comported with the requirements of the Bail Reform Act).

In this case, Vargas argues that the magistrate's section 3142(e) detention order

---

**3.** Under section 3142(f), except for "good cause" a continuance sought by a defendant cannot exceed five days, and a continuance sought by the government cannot exceed three days.

violated his rights because he allegedly was denied a hearing. Vargas also contends that the district court lacked authority to detain him because the *de novo* detention hearing it conducted allegedly was untimely. The government asserts that Vargas had a hearing at the May 30 arraignment, and that he had another opportunity to be heard at the June 5 hearing. The government also contends that the district court had authority to detain Vargas.

■ Contrary to Vargas' assertion, we believe the government moved for pretrial detention at the May 30 arraignment, which was Vargas' next appearance before a judicial officer after the temporary detention appearance, and which was within the ten day temporary detention period. As such, that request for pretrial detention was timely. *See United States v. Becerra-Cobo*, 790 F.2d at 430. Although the government did not specifically state that it moved for detention under section 3142(e), we believe that was the government's intention, based on our reading of the transcript of the May 30 hearing. Indeed, at the June 5 hearing and in her detention order of June 5, the magistrate stated that she construed the government's detention motion at the May 30 hearing as being under section 3142(e), and she accordingly had ordered the defendants detained pursuant to section 3142(e).[4]

■ We also disagree with Vargas' claim that the magistrate afforded him no opportunity to be heard on the pretrial detention issue. Although the May 30 hearing was confusing, the magistrate did appear to grant the government's motion for pretrial detention, since she ordered Vargas and the other defendants detained. While the magistrate did not specify that the detention was under section 3142(e), a fair reading of the transcript of the May 30 hearing indicates that she intended to detain Vargas and the other defendants under section 3142(e). The magistrate confirmed that at the June 5 hearing and in the June 5 written detention order. As the district court found, at the time of the May 30 hearing the magistrate had before her the indictment, which was sufficient to establish probable cause to believe Vargas had committed an offense which triggered the rebuttable presumption under section 3142(e) that no condition or combination of conditions would reasonably assure his appearance and the safety of the community.[5] The district court also found that at the time of the May 30 hearing, the magistrate had the pretrial services report on Vargas which indicated that Vargas was not a United States citizen and that his family ties were solely to Chile (his country of citizenship). The magistrate confirmed in her June 5 detention order that she had detained Vargas at the May 30 hearing because he posed a risk of flight. Although the magistrate's comments at the May 30 hearing are not clear, they indicate that she believed she had held a hearing that day. The magistrate subsequently stated that by her remarks at the May 30 hearing, she had intended to afford each defendant an opportunity for a further detention hearing if, after consultation with

---

4. Vargus argues that at the May 30 hearing, the magistrate appeared to merely continue the initial temporary detention order under section 3142(d), rather than order pretrial detention under section 3142(e). We disagree. The magistrate ordered detention at the May 30 hearing in response to the government's motion for detention. Because the ten day temporary detention period was not due to expire until several days after the May 30 hearing, there would have been no logical reason for the government to request at that hearing that the temporary detention period be continued, nor would it have been necessary for the magistrate to explicitly order continuation of the temporary detention period at that time. Thus, the most logical interpretation of the magistrate's decision at the May 30 hearing is that she ordered detention pursuant to section 3142(e), not merely a continuation of the section 3142(d) temporary detention.

5. One contention raised by Vargas on appeal is that in order to establish probable cause for purposes of triggering the rebuttable presumptions under section 3142(e), the judicial officer may not rely on the indictment but must make an independent determination of probable cause based on evidence elicited at the detention hearing. We disagree with that argument. (*See* discussion, *infra*).

counsel, any defendant decided that a further hearing was warranted. After it became clear at the May 30 hearing that the magistrate intended to detain Vargas, Vargas' attorney did not object to the detention or argue that Vargas did not have a proper detention hearing. Nor did he seek to proffer any evidence to show that Vargas should not be detained.

At the June 5 hearing, (which was at the end of the ten day temporary detention period), the magistrate clearly indicated that she had detained Vargas at the May 30 hearing under section 3142(e) because, in light of the information in the pretrial services report and the fact that Vargas was not a U.S. citizen, he posed a risk of flight. Although she disagreed with defense counsel that Vargas had not had a hearing, she also stated that if counsel wished to argue the issue of detention at that time or move for reconsideration of the detention motion, the court would allow that. In addition, the government stated that the magistrate correctly concluded that the government sought to detain Vargas on the basis that he posed a risk of flight. The government also stated that if defense counsel intended to move for a hearing or reconsideration at that time, then the government was "prepared to meet that." However, defense counsel did not request a further detention hearing or argue the merits of the magistrate's decision to detain Vargas (i.e., that Vargas did not pose a risk of flight), nor did he proffer evidence concerning the merits of the detention order; rather, he argued that any motion for detention under section 3142(e) was untimely. Under these circumstances, we believe that Vargas had a timely opportunity to be heard on the issue of pretrial detention both at the May 30 hearing and at the June 5 hearing. *Cf. United States v. Alatishe, supra.*

■ We also conclude that, even assuming Vargas did not have an adequate detention hearing before the magistrate, any defects were cured by the subsequent *de novo* hearing held by the district court. At that hearing, the government proffered the indictment filed against Vargas to establish probable cause sufficient to trigger the rebuttable presumption in section 3142(e). The government also proffered the pretrial services report which, like the indictment, had been before the magistrate at the May 30 and June 5 hearings. The government argued that detention was warranted because Vargas posed a risk of flight. In response, Vargas testified and submitted other rebuttal evidence. Given that Vargas had a *de novo* detention hearing, under the circumstances of this case we see no basis for reversing the district court's detention order based on his arguments concerning the adequacy and timeliness of the detention hearing. *Cf. United States v. Hurtado,* 779 F.2d 1467, 1482 (11th Cir. 1985), *reh'g denied,* 788 F.2d 1570 (11th Cir.1986) (reversing district court's detention order and remanding for a *de novo* detention hearing under section 3142 where the defendant had not received a timely detention hearing).

Although we uphold the pretrial detention order in this case, we recognize that the proceedings leading up to the magistrate's pretrial detention order were confusing. We emphasize that in a situation involving the possibility of pretrial detention under section 3142(e), it is incumbent upon magistrates and district courts to adhere to the requirements of sections 3142(e) and 3142(f) and to clearly indicate when they are proceeding under those provisions so as to avoid the type of confusing circumstances that arose in this case.

*Probable Cause Determination*

Section 3142(e) provides, *inter alia,* that a rebuttable presumption arises that no condition or combination of conditions can assure the appearance of the defendant or the safety of the community if "the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the ... Controlled Substances Import and Export Act ..., [and] section 1 of the Act of September 15, 1980 (21 U.S.C. 955a) ..." In this case the district court relied

solely on the indictment filed against Vargas to establish the probable cause needed to trigger the rebuttable presumption under 3142(e). Vargas argues that the district court erred in relying on the indictment to establish probable cause under section 3142(e). He contends that the district court was required to make an independent determination of probable cause based upon evidence presented at the detention hearing.

■ Among the federal courts that have considered this issue, two district courts have concluded that the Bail Reform Act requires that the judicial officer make an independent determination of probable cause for purposes of section 3142(e) instead of relying on the indictment. *See United States v. Allen,* 605 F.Supp. 864, 870–871 (W.D.Pa.1985); *United States v. Maktabi,* 601 F.Supp. 607, 610–611 (S.D.N.Y.1985). In contrast, the appeals courts that have addressed this issue have uniformly concluded that the judicial officer may rely on a grand jury indictment to establish probable cause for the purpose of triggering the rebuttable presumptions in section 3142(e). *See United States v. Dominguez,* 783 F.2d 702, 706 n. 7 (7th Cir.1986); *United States v. Hurtado,* 779 F.2d at 1479; *United States v. Contreras,* 776 F.2d 51, 52 (2d Cir.1985); *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985).

We agree with those courts that have held that a grand jury indictment is sufficient to establish probable cause for purposes of triggering the rebuttable presumptions in section 3142(e). As the Second Circuit noted in *Contreras,* neither the language nor the legislative history of the Bail Reform Act clearly indicates that Congress intended to require an evidentiary hearing on the issue of probable cause for purposes of section 3142(e) in lieu of relying on the indictment. *See Contreras,* 776 F.2d at 53. The Second Circuit also noted the traditional role an indictment has played in establishing probable cause in other contexts. *See id.* at 53–54. In light of these factors, the Second Circuit concluded that " ... to require an additional determination that probable cause exists [for purposes of section 3142(e) ] ... would burden the courts with an evidentiary hearing which Congress has not clearly demanded, and which would be inconsistent with existing legal authority." *Id.* at 54–55. We find the reasoning of the Second Circuit in *Contreras* persuasive. Accordingly, we hold that the district court did not err in relying on the indictment filed against Vargas to establish probable cause under section 3142(e).

*Detention Determination*

■ Vargas' final challenge is to the merits of the district court's detention order. He argues that the district court gave undue weight to the rebuttable presumption in section 3142(e), and that the court erred in concluding that no conditions of release would assure Vargas' appearance at trial. We disagree. Although the district court referred to the section 3142(e) presumption, it also cited other factors as influencing its decision to order pretrial detention, including the nature and seriousness of the offenses charged, Vargas' employment history and financial resources, the fact that Vargas is not a U.S. citizen, his prospects of securing employment in this area, his lack of family and other ties to this area, and his substantial family ties to his country of citizenship. Those are appropriate factors to consider in making the bail decision. *See* 18 U.S.C. § 3142(g). From our review of the record, we are satisfied that the district court properly applied the presumption under section 3142(e).

We also conclude that the district court's decision to detain Vargas under section 3142(e) was proper. Vargas was indicted for serious offenses which trigger the rebuttable presumption under section 3142(e). Vargas is a citizen of Chile, and his wife, who was expecting a child, lives in Chile. He has no family ties to this area. He does not speak, read or write English, which could adversely affect his ability to obtain employment in this area. Although Vargas presented evidence indicating that per-

sons in this area would be willing to assist him in his efforts to establish ties, we, as the district court, are not convinced that those offers of assistance are necessarily reliable or firmly established, or that Vargas would avail himself of that assistance. Under these circumstances, we agree with the district court that there is a serious risk of flight, and that no condition or combination of conditions would reasonably assure Vargas' appearance.

*The judgment of the district court is affirmed.*