**UNITED STATES of America,**

v.

**John Jairo PIEDRAHITA,
et al., Defendants.**

**No. 91 Cr. 652 (DNE).**

United States District Court,
S.D. New York.

March 19, 1992.

---

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Kenneth L. Wainstein, of counsel) for the U.S.

Frank J. Hancock, P.C., New York City (Frank J. Hancock, of counsel) for John Jairo Piedrahita.

Jesus Betancruz, pro se.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

The Government has charged defendants with conspiring to possess with intent to distribute more than five kilograms of cocaine in violation of Title 21, United States Code, section 846. Defendants Piedrahita and Betancruz [1] (the "defendants") have moved to dismiss the indictment due to prosecutorial misconduct and insufficient evidence. In the alternative, defendants seek discovery of a broad range of information in connection with this case, including: (1) the identity and Government's use of a confidential informant; (2) inspection of the minutes of the grand jury presentation of the case; (3) tapes and transcripts that the Government has prepared, and telephone bills depicting telephone conversations between the parties; and (4) an index of all books, papers, documents, photographs and tangible objects that the Government has offered to make available for inspection by the defense. For the reasons stated below, defendants' motions are denied in their entirety.

### A. Dismissal of the Indictment

#### 1. Prosecutorial Misconduct

Defendants contend that a co-defendant, Jane Doe, a/k/a "Beatrice," was actually a confidential informant for the Government. They allege that the Government acted improperly by intentionally failing to inform the Grand Jury of her cooperation. Due to

---

**1.** Defendant Jesus Betancruz has filed the present motion without the aid of his counsel, Benjamin M. Pinczewski. Because Mr. Betancruz's motion is virtually identical to Mr. Piedrahita's motion, this Court will address their arguments in a single discussion.

this omission, defendants allege that the grand ,jury erroneously came to believe that Beatrice was a member of the conspiracy.

■] Dismissal of an indictment is an extraordinary remedy. *See United States v. Casamento*, 887 F.2d 1141, 1182 (2d Cir. 1989), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990); *United States v. Thibadeau*, 671 F.2d 75, 77 (2d Cir.1982). Prosecutorial misconduct, such as misleading or misinforming the grand jury, compels dismissal of an indictment only where a defendant suffers prejudice as a result of the Government's actions. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988); *United States v. Brito*, 907 F.2d 392, 394 (2d Cir.1990). Prejudice exists where " 'it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256, 108 S.Ct. at 2374 (quoting *United States v. Mechanik*, 475 U.S. 66, 78, 106 S.Ct. 938, 946, 89 L.Ed.2d 50 (1986)); *see United States v. Felton*, 755 F.Supp. 72, 74 (S.D.N.Y.1991). Defendants must support a charge of prejudice with specific, definite and detailed factual assertions. The absence of such facts precludes dismissal of an indictment for prosecutorial misconduct. *See, e.g., United States v. Cheung Kin Ping*, 555 F.2d 1069, 1078 (2d Cir.1977); *United States v. Sugar*, 606 F.Supp. 1134, 1146 (S.D.N.Y.1985).

■ In support of their claim, defendants offer the unsubstantiated assertion that Beatrice was a confidential informant at the time of the grand jury proceedings. Vaulting from this lone piece of speculation, defendants would find prosecutorial misconduct in the Government's failure to inform the grand jury of Beatrice's status as a confidential informant. Seemingly content to rest their request for an extraordinary remedy—dismissal of the indictment—on conjecture, defendants do not even hint at possible prejudice. In essence, defendants invite this Court to find prejudice, and thus derive a drastic result, based upon a suspect premise without the aid of either factual support or legal precedent. This Court declines to accept such an invitation.

## 2. Insufficient Evidence

In the alternative, defendants aver that dismissal of the indictment is appropriate because the evidence before the grand jury was insufficient to support a charge of conspiracy. In support of this claim, defendants rely on the principle that an essential element of an unlawful conspiracy is an agreement, between two or more persons who are not government agents, to commit in concert an unlawful act. They assert that the Government failed to present to the grand jury sufficient evidence of an agreement among people who are not government agents.

■ It is true, of course, that a government agent is never a co-conspirator, and an agreement between a government agent and a defendant to commit an unlawful act is not a conspiracy. *See United States v. Barnes*, 604 F.2d 121, 161 (2d Cir.1979), *cert. denied*, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980); *see also United States v. Giunta*, 925 F.2d 758, 764 (4th Cir.1991); *United States v. Manotas–Mejia*, 824 F.2d 360, 365 (5th Cir.), *cert. denied*, 484 U.S. 957, 108 S.Ct. 354, 98 L.Ed.2d 379 (1987); *United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855, 108 S.Ct. 162, 98 L.Ed.2d 116 (1987). Nevertheless, this Court must reject defendants' claim without addressing their insufficient evidence argument.

■ A district court may not dismiss a facially valid indictment based upon a charge of insufficient evidence. *See Bank of Nova Scotia*, 487 U.S. at 261, 108 S.Ct. at 2377; *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956); *Casamento*, 887 F.2d at 1182; *United States v. Contreras*, 776 F.2d 51, 54 (2d Cir.1985). Defendants fail even to mention, let alone address in a meaningful fashion, the indictment's validity. Instead, this Court can only assume that they wish

to attack the indictment's validity by questioning whether it properly charges an essential element of a conspiracy—an agreement among non-government agents.

A cursory perusal of the indictment, however, reveals that defendants' argument is frivolous. The indictment alleges that "the defendants, together and with others known and unknown, unlawfully, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit certain offenses against the United States." (Indictment, ¶ 1). By alleging an agreement among defendants Piedrahita, Betancruz, Perez and others, the indictment properly charges a conspiracy among people who have no affiliation with the government.

### B. Discovery Requests

**1. Inspection of Grand Jury Minutes and Identity of Confidential Informants**

■ In an earlier motion, defendants sought to inspect the grand jury minutes, and they also requested disclosure of the identity of confidential informants mentioned in the Government's complaint. In a Memorandum and Order dated March 19, 1992, this Court denied their requests. *See United States v. Piedrahita,* No. 91 Cr. 652, 1992 WL 58857, 1992 U.S.Dist. LEXIS 3442 (S.D.N.Y. March 19, 1992). This Court reasoned that defendants failed to demonstrate a particularized need for inspection of the grand jury minutes, and they failed to show that the disclosure of the identity of confidential informants was crucial to their defense. *See Piedrahita,* slip op. at 7–9. Defendants do not base their current request on new information or novel grounds. Perhaps they believe that by filing successive motions, like a mystic chants a mantra, they will in some magico-religious manner enhance their chances of successfully obtaining the demanded material. For the reasons stated in this Court's earlier decision, defendants' request to inspect the grand jury minutes and for disclosure of the identity of confidential informants is denied.

**2. Index of Government exhibits and Tapes and Transcripts**

Defendants request tapes and transcripts prepared in this case, telephone bills depicting telephone conversations between the parties, as well as an index of all books, papers, documents, photographs and tangible objects that the Government has offered to make available for inspection by the defense. The Government represents that it either has made or will, at the appropriate time, make these materials available to the defense. It further avers that it will disclose Jencks Act and *Brady* material in a timely fashion pursuant to this Court's March 19, 1992 order. Finally, the Government has offered to prepare the requested index, though it has no obligation to do so under Rule 16 of the Federal Rule of Criminal Procedure. This Court has no reason to doubt the Government's assurances. Accordingly, no dispute concerning the requested materials requires resolution by this Court.

### Conclusion

Defendants' motions are denied in their entirety.

SO ORDERED.