October 8, 1993

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1938

 UNITED STATES,

 Appellee,

 v.

 EDDIE TRAVIESO OCASIO,

 Defendant, Appellant.
 

No. 93-1939

 UNITED STATES,
 Appellee,

 v.

 ANGEL DAVID TEJADA MORALES,
 Defendant, Appellant.

 

No. 93-1940

 UNITED STATES,
 Appellee,

 v.

 ANGEL RODRIGUEZ RODRIGUEZ,
 Defendant, Appellant.

 

No. 93-1941

 UNITED STATES,
 Appellee,

 v.

 LUIS MAYSONET MACHADO,
 Defendant, Appellant.

 

No. 93-1942

 UNITED STATES,
 Appellee,

 v.

 ANGEL FELICIANO-COLON,
 Defendant, Appellant.

 

No. 93-1943

 UNITED STATES,
 Appellee,

 v.

 LUIS MALONADO RODRIGUEZ,
 Defendant, Appellant.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Selya, Circuit Judges.
 

 

 Carlos Lopezde Azua on brief for appellant, Eddie Travieso
 
Ocasio.
 Eric M. Quetglas Jordan on brief for appellant Angel David
 
Tejada Morales. 
Roberto Roldan Burgos on brief for appellant Angel Rodriguez
 

Rodriguez. 
 Manuel San Juan on brief for appellant Luis Maysonet
 
Machado. 
 Edgardo L. Rivera-Rivera, on brief for appellant Angel
 
Feliciano-Colon.
 Benicio Sanchez Rivera, Federal Public Defender, and Laura
 
Maldonado Rodriguez, Assistant Federal Public Defender, on brief
 
for appellant Luis Maldonado Rodriguez.
 Charles E. Fitzwilliam, United States Attorney, Jose A.
 
Quiles Espinosa, Senior Litigation Counsel, and Esther Castro-
 
Schmidt, Assistant United States Attorney, on brief for appellee
 
in appeal no. 93-1938.
 Guillermo Gil, United States Attorney, Jose A. Quiles-
 
Espinosa, Senior Litigation Counsel, and Esther Castro-Schmidt,
 
Assistant United States Attorney, on brief for appellees in nos.
93-1939, 93-1940, 93-1941, 93-1942 and 93-1943.

 

 

 Per Curiam. Appellants Eddie Travieso Ocasio, Angel
 

David Tejada Morales, Angel Rodriguez Rodriguez, Luis

Maysonet Machado, Angel Feliciano Colon, and Luis Maldonado

Rodriguez appeal the order by the United States District

Court for the District of Puerto Rico detaining them prior to

trial pursuant to 18 U.S.C. 3142(e). We affirm.

 The evidence presented at the detention hearing is

detailed in the district court opinion. We summarize

briefly. On July 1, 1993, Drug Enforcement Administration

[DEA] Task Force Agent Carlos Rivera observed several men

gathered together near a basketball court. Eight or nine

vehicles were parked nearby. The agent recognized one of the

men, appellant Maldonado Rodriguez, as someone he had

previously observed at a known drug point. The individuals

appeared to be waiting for someone. Agent Rivera observed

suspicious behavior which led him to believe that the men

were involved in drug activity.

 After observing the situation for several minutes,

Rivera and another agent intervened and detained fourteen

suspects. Inside the vehicles, the agents found fourteen

suitcases, containing a total of 225 kilograms of cocaine,

and twelve United States Department of Agriculture [USDA]

 -4-

airport clearance stickers valid for that afternoon.1 Nine

airline tickets for a flight scheduled to depart that

afternoon for New York were found on various defendants. The

tickets were issued under fictitious names and several had

consecutive numbers. Some of the suspects were found to be

carrying large amounts of cash.

 On July 7, a grand jury indicted appellants for aiding

and abetting in the unlawful possession of, with intent to

distribute, 225 kilograms of cocaine in violation of 21

U.S.C. 841(a)(1) and 18 U.S.C. 2. After a detention

hearing, a Magistrate Judge issued an order for the release

of appellants on bail ranging from $15,000 to $75,000. Third

party custody and curfews were also imposed. 

 The government appealed this order and the district

court granted a stay. On July 28, the district court held a

hearing at which Agent Rivera testified and the government

proffered other evidence. Appellants proffered evidence of

strong family ties to Puerto Rico, of family members and

friends willing to assist in their supervision and in placing

bail, and of records of employment. Two days later, the

court issued an order reversing the Magistrate Judge and

ordering that appellants be detained without bail pending

 

1. The USDA x-rays all baggage leaving Puerto Rico for the
continental United States looking for prohibited food and
plants. These stickers are used by drug traffickers to
attempt to avoid inspection. They cannot be legally obtained
prior to inspection at the airport.

 -5-

trial. Relying on the weight of the evidence against

appellants and the amount of cocaine involved, the court

found that appellants had not rebutted the statutory

presumption of flight established by 18 U.S.C. 3142(e) and

that no condition or combination of conditions of release

would assure appellants' appearance in court. 

 Appellants Travieso Ocasio and Maysonet Machado contend

that the district court erred in restricting their cross-

examination of Agent Rivera at the detention hearing.

Appellants have a statutory right to cross-examine witnesses

who appear at the hearing. 18 U.S.C. 3142(f). However, the

court has the discretion to limit the cross-examination on

relevancy grounds. United States v. Hurtado, 779 F.2d 1467,
 

1480 (11th Cir. 1985); United States v. Delker, 757 F.2d
 

1390, 1398 (3d Cir. 1985). A bail hearing is not to be "a

full fledged-trial or defendant's discovery expedition."

United States v. Acevedo-Ramos, 755 F.2d 203, 204 (1st Cir.
 

1985). In the instant case, appellants sought to use cross-

examination to establish that the government's case against

them was weak. While the strength of the case is a relevant

factor at detention hearings, 18 U.S.C. 3142(g), in this

case, the questions the court refused to permit were, at

best, of minor relevance to the issue of risk of flight.

 -6-

Moreover, any error which might have occurred was harmless in

light of the other evidence of guilt presented. 

 As for the merits of the detention decision, the

government bears the burden of proving by a preponderance of

the evidence that no combination of conditions will

reasonably assure that defendant will appear for trial. See
 

United States v. Patriarca, 948 F.2d 789, 793 (1st Cir.
 

1991); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir.
 

1991). Where, as here, a defendant has already been indicted

for a controlled substance offense punishable by a maximum

term of ten years or more, a presumption arises that no

condition or combination of conditions will reasonably assure

appearance at trial. See id.; United States v. Vargas, 804
 

F.2d 157, 163 (1st Cir. 1986); 21 U.S.C. 841(b)(1)(A)

(maximum term of twenty years to life for possession with

intent to distribute more than five kilograms of cocaine); 18

U.S.C. 3142(e) (establishing presumption because drug

traffickers pose special risk of flight). While the

presumption is rebuttable, 18 U.S.C. 3142(e); United States
 

v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), it retains
 

evidentiary weight even when rebutted, Dillon, 938 F.2d at
 

1416; United States v. Palmer-Contreras, 835 F.2d 15, 18
 

(1st Cir. 1987). In determining whether any conditions will

assure the appearance of defendant, the court must weigh the

specific factors listed in 18 U.S.C. 3142(g): (1) the

 -7-

weight of the evidence as to guilt; (2) the nature and

circumstance of the crime charged; and (3) the

characteristics of the accused, including family ties, past

history, financial resources and employment. United States
 

v. Patriarca, 948 F.2d 789, 791-92 (1st Cir. 1991). We
 

review the court's determinations under an independent

standard of review which gives deference to the decision of

the trial court. Id. at 791; United States v. O'Brien, 895
 

F.2d 810, 814 (1st Cir. 1990). "[T]his standard cedes

particular respect, as a practical matter, to the lower

court's factual determinations." Patriarca, 948 F.2d at 791
 

(quoting United States v. Tortora, 922 F.2d 880, 882-83 (1st
 

Cir. 1990)).

 We agree with the district court that the government has

met its burden of showing that no conditions of release

reasonably will assure appellants' presence at trial. 

 First, the evidence against each appellant is strong.

All were observed by a DEA Agent participating, in broad

daylight, in a major drug transaction. Several of the

appellants claim that the evidence shows only their presence

at the scene of a crime and association with a principal,

neither of which is sufficient for proving aiding and

abetting. United States v. Alvarez, 987 F.2d 77, 83 (1st
 

Cir. 1993). However, as this court has said, "criminals

 -8-

rarely welcome innocent persons as witnesses to serious

crimes." United States v. Hernandez, 995 F.2d 307 (1st Cir.
 

1993), petition for cert. filed (Sept. 7, 1993) (quoting
 

United States v. Ortiz, 966 F.2d 707, 712 (1st Cir. 1992),
 

cert. denied 113 S.Ct 1005 (1993)). Moreover, strong
 

circumstantial evidence exists that each appellant was more

than simply present.

 Travieso Ocasio was observed participating in

discussions with individuals who appeared to be bringing

packages of drugs to the group. One of the vehicles in which

two suitcases containing cocaine were found had been lent to

him that morning, and a bag removed from Travieso Ocasio's

own car was found to have traces of cocaine. Tejada Morales

was found with a first class passenger ticket for New York

issued under an assumed name. This was one of four tickets

with consecutive numbers purchased on the same date from the

same travel agency. The other three tickets were possessed

by other defendants. Tejada Morales was also found in

possession of over one thousand dollars in cash. Rodriguez

Rodriguez was the owner of a vehicle which contained two

cocaine laden suitcases. His wallet was found in one of the

suitcases containing cocaine. Feliciano Colon was found in

possession of a first class airline ticket issued under an

assumed name. The ticket was for the same flight as that for

which other defendants had tickets. Two suitcases containing

 -9-

cocaine and two U.S.D.A. inspection stickers were found in a

van registered to him. Maldonado Rodriguez was the owner of

a jeep in which two suitcases containing cocaine were found.

Two inspection stickers were also found in the jeep.

Moreover, Maldonado Rodriguez was observed conversing with

two men who appeared to be bringing drugs to the group.

Maysonet Machado had a first class airline ticket on the same

flight as the others. The ticket was issued under an assumed

name and was part of a consecutive series of tickets held by

various defendants. 

 Second, the crime with which appellants are charged

indicates that appellants are part of a large drug

trafficking conspiracy which sought to deliver several

million dollars worth of cocaine into the continental United

States. Such a "'highly lucrative' drug operation[] [was] at

the center of congressional concern" in enacting the

statutory presumption in 18 U.S.C. 3142(e). Jessup, 757
 

F.2d at 386. Thus, appellants are among those at whom the

statutory presummption is specifically aimed. Dillon, 938
 

F.2d at 1416.

 Third, although the appellants may have been only

"mules" in the operation, the value of the drugs involved

supports the inference that appellants are connected to a

person or organization with great financial resources.

Palmer-Contreras, 835 F.2d at 18. Such organizations are
 

 -10-

able and may be willing to finance appellants' flight.

Dillon, 938 F.2d at 1416; Palmer-Contreras, 835 F.2d at 18.
 

The incentive for flight in this case is strengthed by the

weight of the evidence against appellants. Id.
 

 The district court did find that appellants had strong

ties to the community, meager financial resources and were

without substantial criminal records. Moreover, the court

noted that they had likely played relatively minor roles in

the drug trafficking scheme. However, this court has found

similar characteristics insufficient to rebut the presumption

of flight where, as here, the evidence is strong and the

value of the narcotics is large. See id. (affirming
 

detention where defendants were apprehended on a boat with

195 kilograms of cocaine even though defendants had strong

family ties, meager financial resources, an absence of prior

drug arrests, and minor role as mules); Dillon, 938 F.2d at
 

1415 (affirming detention where defendant was involved in

negotiating several million dollar drug deal even though his

role in negotiation was small, he had minimal criminal record

and no prior drug convictions, and had strong ties to the

community). Although this case, like those in Palmer-
 

Contreras and Dillon, presents a close question, the
 

deference we owe to the district court findings leads us to

conclude that the government has met its burden of showing

 -11-

that no condition or combination of conditions reasonably

will assure appellants' appearance.

 Affirmed.
 

 -12-