**UNITED STATES of America,**

**v.**

**Sean BRUNETTE, etc., Edwin Adames, Defendants.**

**Nos. 12–mj–7027–JCB, CR–12–0171.**

United States District Court,
D. Massachusetts.

March 19, 2012.

Leah B. Foley, United States Attorney's Office, Boston, MA, for United States of America.

Ian Gold, Federal Public Defender Office, Boston, MA, for Edwin Adames.

John G. Swomley, Swomley & Associates, Boston, MA, for Sean Brunette.

### MEMORANDUM AND ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION PURSUANT TO 18 U.S.C. § 3142(e)

ROBERT B. COLLINGS, United States Magistrate Judge.

Sean Brunette ("Brunette") and Edwin Adames ("Adames") (collectively, "the defendants") appeared for a detention hearing on March 16, 2012. They were arrested in the District of Massachusetts on warrants issued upon the return of an indictment by the United States Grand Jury for the Eastern District of New York at Central Islip, New York. The indictment charges that they and various other individuals conspired to distribute and possess with intent to distribute one kilogram or more of a substance containing heroin, in violation of Title 21 U.S.C. § 841(a)(1). The Government has moved that they be detained because they represent a serious risk of flight and pose a danger to others and the community due to the nature of the offense. The Court in the Eastern District of New York did not note that the defendants were to be detained or fix any bail on either of the two warrants.

The Government can seek a detention hearing because the offense with which the defendants are charged is within the category of " . . . an offense described in 18 U.S.C. § 3142(f)(1)(C)." The purpose of a detention hearing is as stated in the statute—i.e., " . . . to determine whether any condition or combination of conditions . . . [of release] will reasonably assure the appearance of such person as required and the safety of any other person and the community . . .". Title 18 U.S.C. § 3142(f). It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) . . .

18 U.S.C. § 3142(e)(3)(A)(emphasis supplied).

■ The defendants are charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentence of ten years or more of imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendants as required and the safety of the community if I find that there is probable cause to believe that the defendants committed the offense charged in the Indictment. Although this presumption does not shift the burden of persuasion to the defendants, it does place a burden of production on the defendants, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment

that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup,* 757 F.2d 378, 384 (1 Cir., 1985) *(abrogated on other grounds by United States v. O'Brien,* 895 F.2d 810, 814 (1 Cir., 1990)); *United States v. Palmer–Contreras,* 835 F.2d 15, 17–18 (1 Cir., 1987)*(per curiam* ). The evidentiary weight to be given the presumption is dependent "... on how closely defendant's case resembles the Congressional Paradigm ..." *Palmer–Contreras,* 835 F.2d at 18 citing *Jessup,* 757 F.2d at 387.

■ The first issue then is whether there is probable cause to believe that the defendants committed the offense with which they are charged. The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas,* 804 F.2d 157, 163 (1 Cir., 1986).

■ The second issue is whether the defendants have met their burden of production. As the First Circuit has stated, "the presumption serves to shift the burden of production and to require that the defendant introduce 'some evidence' to the contrary." *O'Brien,* 895 F.2d at 815 (quoting *Jessup,* 757 F.2d at 381) (emphasis added). So the next issue is whether the defendants in the instant case has met their burden of production.

At the hearing, the Government initially offered no evidence but rather called upon the defendants to meet their burden of production. Counsel for both defendants proceeded by way of proffer. The sum and substance of the proffer was the sug-

gestion that Brunette, who has no prior criminal convictions,[1] be released on electronic monitoring and live with his sister and her fiancé in West Springfield, Massachusetts; the sister would guarantee that Brunette would be transported by her to Central Islip whenever his presence was required there.

■ The proffer with respect to Adames, who also has no prior criminal convictions [2], was that he put up the equity in his home (approximately $25,000) and that his mother and his sister co-sign a bond in a significant amount. Adames' counsel also proffered that when Adames was on pretrial release and under pretrial supervision for about six months in 2007–2008 in the District of New Hampshire before the charge was dismissed, *see* footnote 2, *supra,* he obeyed all the conditions of pretrial release.

Based on those proffers and the facts as contained in the Pre–Trial Services reports, the Court ruled at the hearing that each defendant had met his burden of production. *United States v.O'Brien,* 895 F.2d 810, 816 (1 Cir., 1990).

As the undersigned explained in the case of *United States v. Robinson,* 820 F.Supp.2d 146, 149–50, 2011 WL 1791319, *2 (D.Mass., May 9, 2011):

> The burden then rests with the Government to establish that there is no condition or combination of conditions which will reasonably assure the defendant's presence and the safety of other persons and the community. The Government seeks the defendant's detention on the grounds of both danger and flight.

---

**1.** Brunette's only criminal charge was a charge of possession of marijuana in Salem, New Hampshire in 2010 which was *nol prossed.*

**2.** Adames' only criminal charges were a charge of operating after a license suspended in 2005 in Lowell, Massachusetts which was dismissed after payment of court costs and a charge of interstate transportation of a motor vehicle in the U.S. District Court for the District of New Hampshire in 2007 which was dismissed in 2008.

However, the Government made a tactical decision at the detention hearing which, in effect, bars any detention of the defendant on dangerousness grounds.

That decision was to offer no evidence but instead to proceed by 'proffer.' Although the statute, 18 U.S.C. § 3142(f), allows the defendant to 'present information by proffer or otherwise,' there is no provision permitting the Government to do the same but neither is there a prohibition against the Government going this route. In the instant case, counsel for the defendant did not object to the Government proceeding by way of proffer so the Court allowed it.

The problem for the Government when it seeks detention of a defendant on dangerousness grounds and then proceeds only by way of proffer is a provision in the statute, 18 U.S.C. § 3142(f), which reads that '[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported *by clear and convincing evidence.*' (emphasis supplied). *See United States v. Mantecon–Zayas*, 949 F.2d 548, 551 (1 Cir., 1991). If the Government offers no evidence but merely proffers information, how can a Court's finding as to dangerousness ever be supported in the manner mandated by the statute?

*Id.* (Footnote omitted)

In the instant case, the "facts" which the Government proffered dealt with what acts the defendants committed as members of the conspiracy, but none of these acts were supported any evidence. "The charge at this point is supported by no more than the Grand Jury's finding of probable cause." *Id.*[3] On this record, the Court simply is unable to find that any of facts recited by the Assistant U.S. Attorney can be found to have been proved by any evidence, much less clear and convincing evidence. It follows that the Government has failed to present clear and convincing evidence of the facts upon which the Court could base a finding that there is no condition or combination of conditions which would reasonably assure that the defendants would not be a danger to any other person or the community if released. The defendants will not be detained on dangerousness grounds.

The next issue is whether there are conditions or a combination of conditions of release which will reasonably assure the defendants' appearance. I find that there are. I note that the Pre–Trial Services agency, after investigation, has recommended that both defendants be released on conditions, and the Court agrees with and accepts their recommendations.

Accordingly, it is ORDERED that the Government's motion to detain the defendant be, and the same hereby is, DENIED. Conditions of Release shall be set for each defendant.

---

3. Of course, the Assistant U.S. Attorney could have presented evidence supporting her statements as to what acts the defendants performed in furtherance of the conspiracy. However, she stated at the hearing stated that the United States Attorney for the Eastern District of New York had decided not to send a DEA agent or a percipient witness to Boston to testify at the detention hearing.