13-3246-cr
United States v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand thirteen.

PRESENT:  ROBERT D. SACK,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                              *Appellee*,

          v.                                        No. 13-3246-cr

CHARLES JOHNSON, AKA CJ,

                    *Defendant - Appellant*,

MUJAHID MUHAMMAD, AKA DOUGHBOY,
JAYREN WYNN, AKA RICHBOY,
GREGORY TEEL, AKA DETWAN,
AARON MOORE, AKA SK,
KENNETH CRUTCHFIELD, AKA K FREE,
RUFUS HUNTER, AKA TRIPLE BLACK, AKA TRIP,
WILONDA MATTHEWS-GARY, AKA WOO,
KIMBERLY ARTIS,
                    *Defendants*.[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR APPELLANT:      RYAN THOMAS TRUSKOSKI, ESQ., Ryan Thomas Truskoski P.A., Harwinton, Connecticut.

FOR APPELLEE:      ANTHONY E. KAPLAN, Assistant United States Attorney, *for* Deirdre M. Daly, Acting United States Attorney, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Defendant Charles Johnson appeals from an order denying him bail pending trial on a charge of conspiracy to possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii).  We review a district court's bail determination for clear error and will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed."  United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted).  We find no such error in this case.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Title 18 U.S.C. § 3142(e) permits a district court to order pretrial detention if, after a hearing, it concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In making this determination, the court considers (1) the

nature and circumstances of the offense charged, (2) the strength of the government's case, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to any person or the community posed by pre-trial release. 18 U.S.C. § 3142(g). Because Johnson is charged with a serious drug offense, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure" his appearance or "the safety of any other person and the community." 18 U.S.C. § 3142(e); see also United States v. English,629 F.3d 311, 319 (2d Cir. 2011). The record amply supports the district court's finding that Johnson failed to rebut this presumption and that the government sustained its ultimate burden to demonstrate by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community. Among other concerns, Johnson's extensive criminal history, which includes a history of engaging in criminal activity while on supervised release, indicates that Johnson has disregarded conditions of release in the past, and justifies a concern that he will fail to abide by bail conditions and will pose a threat to the community. Under the circumstances, the district court did not clearly err in concluding that no condition or combination of conditions, including Johnson's proposed bail package of a surety bond secured by his mother's house, electronic monitoring, random drug testing, and employment with a non-profit organization, would reasonably assure the safety of the community.

Johnson argues that the rebuttable presumption of detention provided for in § 3142(e)(3) should not apply in his case because there is insufficient evidence of his guilt to establish probable cause. His argument is unavailing since "an indictment returned by a

3

duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumptions set forth in § 3142(e)." United States v. Contreras, 776 F.2d 51, 55 (2d Cir. 1985). Moreover, the evidence in the record, which consists principally of recorded phone calls between the appellant and an indicted co-conspirator, is plainly sufficient to support a finding of probable cause.

For the foregoing reasons, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court