**UNITED STATES of America, Appellant,**

v.

**Juan Manuel RODRIGUEZ, a/k/a "Al," Defendant–Appellee.**

**No. 503, Docket 91–1520.**

United States Court of Appeals, Second Circuit.

Argued Sept. 17, 1991.

Decided Nov. 18, 1991.

Richard Appel, Asst. U.S. Atty., S.D.N.Y., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, of counsel), for appellant.

Richard J. Calle, New York City, for defendant-appellee.

Before MESKILL, PIERCE and MAHONEY, Circuit Judges.

MESKILL, Circuit Judge:

The government appeals from an order of the United States District Court for the Southern District of New York, Haight, J., releasing defendant Juan Manuel Rodriguez (Rodriguez) on bail. We vacate the order because we believe that the government has met its burden of showing that Rodriguez represents a danger to the community.

Rodriguez and codefendant Orlando Pitre (Pitre) were indicted for conspiring to distribute and possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. The indictment listed four overt acts underlying the conspiracy: (1) Pitre sold heroin to an undercover agent and a confidential informant, (2) Pitre offered to supply an undercover agent with guns and a hitman, (3) Pitre introduced Rodriguez to the undercover agent as his hitman, and (4) Pitre and Rodriguez agreed to perform a murder in exchange for one kilogram of cocaine.

The government moved to detain Rodriguez as a danger to the community pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. The government did not argue that Rodriguez poses a flight risk. 18 U.S.C. § 3142(e) provides, in pertinent part:

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and *the safety of the community* if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

(emphasis added). The indictment established probable cause to trigger the statutory presumptions of section 3142(e). *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir.1985).

Magistrate Judge Katz granted the government's motion concluding, based on the statutory presumption and the evidence presented by the government, that Rodriguez poses a danger to the community such that no set of bail conditions would assure the community's safety. The district court after reviewing Rodriguez's bail status admitted Rodriguez to bail stating that the government had presented "no hard evidence that [Rodriguez had] ever done anything contrary to the law." We disagree.

## BACKGROUND

At Rodriguez's detention hearing the government proffered evidence of taped conversations among an undercover agent for the Drug Enforcement Administration (DEA), Pitre and Rodriguez. In one taped conversation Pitre promised to supply the undercover agent with guns and a proven hitman whom he described as his "strong-arm" and his "tableman." In a subsequent taped meeting Pitre introduced Rodriguez to the undercover agent as his hitman and the defendants agreed to commit a murder in exchange for one kilogram of cocaine. In that conversation Rodriguez referred to another murder he had committed with another individual and Rodriguez ridiculed the remorse his partner had displayed at the time. The government also proffered evidence based on statements by a confidential informant, who had proven reliable in the past, that the informant observed Rodriguez shoot an individual in the knee-cap because Rodriguez believed the individual owed Pitre sixty dollars. Defense counsel argued that Rodriguez was merely posing as a hitman, had no criminal record

and had told counsel that he had never fired a gun in his life.

Facts supporting a finding of dangerousness "shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f); *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir.1985). In *Chimurenga* we observed, in *dicta*, that the government retains the burden of proving dangerousness by clear and convincing evidence even when the statutory presumption has been invoked. 760 F.2d at 405. This comports with the law of this Circuit applying the statutory presumption to risk of flight. *United States v. Martir*, 782 F.2d 1141 (2d Cir.1986). We have not until now had occasion to apply the statutory presumption to a determination of dangerousness.

▇▇▇▇ Although the government retains the burden of persuasion, a defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption. *Martir*, 782 F.2d at 1144. Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant. *Id.; see also United States v. Jessup*, 757 F.2d 378, 382–83 (1st Cir.1985) (rejecting "bursting bubble" approach).

We have given seemingly conflicting signals regarding the standard of review governing a district court's conclusion about a defendant's dangerousness. In *Chimurenga* we stated that "[r]egardless of how an appellate court might decide such a question in the first instance, a determination by the district court that the government has not met its high burden [of proof by clear and convincing evidence] must withstand review unless it can be said to be clearly erroneous." *Chimurenga*, 760 F.2d at 405. By contrast, we indicated in *United States v. Melendez–Carrion*, 790 F.2d 984 (2d Cir.1986), that the ultimate determination of danger to the community may "implicate legal determinations to a degree somewhat greater than the ground of risk of flight, with a corresponding broader scope of review." *Id.* at 994. The facts at hand do not require us to resolve today the appropriate standard of review.

▇▇▇▇ In this case, even using the most deferential standard of review, we believe that the government has met its burden of proving dangerousness by clear and convincing evidence.

▇▇▇▇ The district court erred as a matter of law in rejecting the information provided by the confidential informant regarding the other shooting allegedly committed by Rodriguez. The court discounted the information because "it is not the sort of conduct which arises out of the charge in the indictment by which I mean there is nothing to indicate that Mr. Rodriguez has been a drug merchant or someone who is engaged in violent acts in connection with drug trafficking." The district court thereby imposed a requirement that the violent conduct witnessed by the informant be connected to the activity charged in the indictment. The district court stated that "[t]he question of danger to the community arises primarily out of what the production was in which the defendants engaged in connection with the narcotics transaction." We have never required such a nexus, nor do we impose such a requirement today. The issue is whether a defendant poses a danger to the community. Shooting a man in the kneecap over a small debt is probative of dangerousness, regardless of whether the incident was related to drug trafficking. *Cf. United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir.1990) ("[W]e reject [defendant's] suggestion that his acts of 'domestic' violence do not support a finding of dangerousness to the community. A willingness to strike loved ones offers probative evidence of a tendency to violence and dangerousness towards others.").

▇▇▇▇ The district court emphasized Rodriguez's "no prior criminal record whatsoever; no record relating to the possession of firearms, no record in relation to assault, no record in relation to threatening someone else, no record of any kind whatsoever." The district court also commented that "if it is the fact that Mr. Rodriguez was the experienced hit man that Mr. Pitre

apparently described him as being to the undercover, he disguised those talents for a considerable period of time." Implicit in these remarks is a belief that the government must present a record of violence or dangerous conduct in order to justify detaining a defendant on grounds of dangerousness. This is not necessary. Although a prior record of violence eases the government's burden of showing dangerousness, it is not essential. The government's burden is only to prove dangerousness by clear and convincing evidence. We believe that the government has met its burden here.

The district court determined that it is "equally plausible" that Rodriguez's taped incriminating statements about being an experienced hitman were the result of "salesmanship," "hype," or "puffery." If that statement is taken literally, it is equally plausible that Rodriguez was not "puffing." Moreover, even if Rodriguez was puffing, holding oneself out as a hitman here furthered the narcotics conspiracy, a presumptively dangerous activity. *See* 18 U.S.C. § 3142(e). In evaluating dangerousness here, the confidential informant's eyewitness statement about the kneecap shooting incident, combined with the statutory presumption, weigh heavily against Rodriguez.

The district judge, in considering the bail package, failed to consider properly "the nature and seriousness of the danger to ... the community that would be posed by the person's release," as mandated by the statute. 18 U.S.C. § 3142(g)(4). The bail package offered by Rodriguez, although it may reasonably assure the appearance of Rodriguez at trial, will not reasonably assure the safety of the community. The pretrial service agency had recommended Rodriguez's release with a $100,000 security bond, cosigned by *two* financially responsible persons, strict pretrial service agency supervision and restriction of travel. The district judge was impressed by the existence of *four* cosigners to the bond, which he characterized as a "stronger package." The package contained no measures to assure the safety of the community, however.

We conclude that the district court erred in determining that the bail package offered by Rodriguez reasonably would assure the safety of the community. The existence of four cosigners and $10,000 cash may assure the appearance of Rodriguez at trial but will not secure the safety of the community. Therefore, we vacate the order of the district court and remand with instructions to detain Rodriguez. The mandate shall issue forthwith.