**UNITED STATES of America,**

v.

**Anthony RENTAS, a/k/a Sha, Gary McQuire, a/k/a Reality, Rose Ann Nelson, a/k/a Bernadette Griffin, a/k/a Chocolate, and Dennis L. Grice, Defendants.**

No. 95–CR–133.

United States District Court,
N.D. New York.

June 23, 1995.

Thomas J. Maroney, U.S. Atty. (Paul D. Silver, Asst. U.S. Atty., of counsel), Albany, NY, for U.S.

Thomas S. LoBue, Albany, NY, for defendant Grice.

## MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

On April 20, 1995, defendant Dennis L. Grice was arrested on the basis of a grand jury indictment alleging that he conspired to distribute crack cocaine and that, on a single occasion, he distributed crack cocaine. After a detention hearing on April 25, 1995, Magistrate Judge Ralph W. Smith, Jr. ordered defendant Grice detained pending trial after finding that Grice posed both a serious risk of flight and a danger to the community. Magistrate Judge Smith denied defendant's Motion for Reconsideration of that detainment order on May 26, 1995. Comes now Defendant Grice seeking review of Judge Smith's detention order under 18 U.S.C. § 3145(b). Grice relies primarily on his arguments that "the evidence the government has obtained to date is not what it expected to obtain as stated in its proffer" at the original detention hearing (Deft. Notice of Motion).

## II. Discussion:

### a. Standard of Review:

The Second Circuit has declared that when defendants seek review of a magistrate judge's detention order a district court should fully reconsider the magistrate's denial of bail. In undertaking such review the district court should not simply defer to the judgment of the magistrate judge, but should reach its own independent conclusion. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985) (citing *United States v. Delker,* 757 F.2d 1390, 1394–95 (3d Cir.1985); *United States v. Williams,* 753 F.2d 329, 331 (4th Cir.1985)). In short, such motions should be accorded substantially *de novo* review. *Id.* It is with these considerations in mind that the Court turns to the merits of this defendant's application.

### b. The Statutory Presumptions:

Defendant Grice has been charged in the indictment with violations of 21 U.S.C.

§§ 841 and 846. If convicted of these offenses, the defendant faces a mandatory minimum term of imprisonment of ten years and a maximum term of life imprisonment. It follows then that the defendant is faced with the statutory presumptions of dangerousness and risk of flight. Those presumptions arise from 18 U.S.C. § 3142(e), which states in relevant part:

> [s]ubject to rebuttal by the person, it shall be *presumed* that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more. . . .

18 U.S.C. § 3142(e) (emphasis added). The Second Circuit has stated that "an indictment returned by a duly constituted and unbiased grand jury satisfies the Constitution as to the existence of probable cause that the defendant committed the crimes enumerated therein." *United States v. Contreras*, 776 F.2d 51, 54 (2d Cir.1985) (citing *Lawn v. United States*, 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958)). Thus, in the case at bar, since an indictment was returned by a duly constituted grand jury, there is probable cause to believe that the defendant committed the acts alleged in the indictment. Accordingly, since the alleged offenses carry a potential maximum term of life imprisonment, it is presumed that this defendant poses a significant risk of flight as well as a danger to the community.

### c. Analysis:

The government retains the burden of proving dangerousness by clear and convincing evidence even when the statutory presumption has been invoked. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir.1991). Once a defendant introduces rebuttal evidence, however, the presumption does not disappear altogether, but rather continues to be weighed along with other factors. *Id.* Defendant Grice claims that the Magistrate Judge erred when he found that Panzera had failed to rebut the statutory presumption of dangerousness. He points to no facts in his favor, however, which might serve to mitigate that presumption. Notwithstanding Grice's failure to affirmatively rebut the presumption the Court must nevertheless undertake the statutory factor inquiry.

The factors to be considered in assessing dangerousness are enumerated in § 3142(g) and include the nature and circumstances of the offense charged, the weight of the evidence against the defendant and the history and characteristics of the defendant and the nature and seriousness of the risk to the community. *See United States v. Chimurenga*, 760 F.2d 400 (2d Cir.1985).

The nature of Grice's charged offense, *see* § 3142(g)(1), weighs heavily against his application. The government has indicted the defendant for participating in an allegedly extensive narcotics distribution conspiracy. Not only does the crime charged "involve a narcotics drug," 18 U.S.C. § 3142(g)(1), but the government has characterized Grice as the source of supply for the conspiracy. Such a conspiracy is a presumptively dangerous activity. *Rodriguez*, 950 F.2d at 89.

As stated above, Grice's primary objections go to the next factor: the weight of the evidence against him. *See* § 3142(g)(2). Grice claims that the government's proof has not developed as was anticipated and proffered at the detention hearing. Specifically, Grice claims that the government indicated that one or more of his co-defendants would make statements that he was the source of the cocaine distributed during the conspiracy. Grice points out that since that time only one of his co-defendants has made a statement implicating him in the conspiracy. The defendant chooses to view the government's glass as half-empty when he argues that since only one of the co-defendants has offered such a statement, the government has failed to fulfill its promise that one or more of Grice's co-defendants would implicate him at trial. Unsurprisingly, the government views its glass as half-full in its proffer that "one of Grice's co-defendants has confirmed to the government that Grice is the source of supply for the crack cocaine purchased by the CI." (Govt.Memo of Law at 6).

The Court finds that the government's half-full glass does in fact deliver on its promise to offer the incriminating testimony of co-defendants at trial. The Court adopts this view fully aware that another codefendant has written to Grice's attorney forswearing any knowledge of drug activity by Grice. It suffices to say that this preprinted denial of knowledge is relatively unpersuasive either standing alone or in light of the government's proffer. Defendant Grice also proffers alternative explanations for the gun found in his home upon his arrest and his surveilled activities during the March 27, 1995 controlled buy. These alternative scenarios do little by way of establishing that the government has *less* evidence than it anticipated or in some other way has *insufficient* evidence: at best defendant's proffer might *refute* the competing inferences to be drawn from the government's uncontrovertedly existent evidence that Grice was involved with this alleged conspiracy. His counter-arguments standing alone, however, do not vitiate the government's showing.

In short, the Court independently finds that the weight of the evidence against Grice is relatively heavy and further finds that the evidence remains at least as strong as when the Magistrate Judge made his separate determination on this issue.

As to Grice's history and characteristics, *see* § 3142(g)(3), the defendant cannot point to the complete absence of a past criminal record in order to rebut the presumption. In fact Grice has two prior felony convictions as well as a Family Court record for violent crimes (Order of Detention, p. 2). At the detention hearing the defendant admitted prior drug use but denied recent drug use: the Court joins Magistrate Judge Smith's incredulity at that denial in light of defendant's recent arrest for possession of marijuana and drug paraphernalia (*Id.*). Magistrate Smith also found that the defendant was only a recent resident of the area and was unemployed with few assets and no income. Finally, the Court notes the government's proffer that a defendant in an unrelated pending criminal prosecution has named Grice as his source of narcotics supply.

In short, nothing in the defendant's personal history or characteristics mitigates the statutory presumption of dangerousness.

The final factor, the nature and seriousness of the danger to any person or the community that would be posed by the release, *see* § 3142(g)(4), poses the ultimate question. The Court must consider the defendant's proffered ubiquity in drug activity within the Northern District, from which the Court can draw an inference that Grice will continue his alleged narcotics activity. *See United States v. Hall,* 651 F.Supp. 13 (N.D.N.Y.1985); the weight of the evidence proffered as analyzed above; the defendant's criminal history; the nature of the charges against the defendant; and the absolutely unrebutted presumption of dangerousness flowing from those charges, *See Rodriguez,* 950 F.2d at 89.

■ The Court finds that defendant's failure to rebut the § 3142 presumption coupled with this Court's analysis of the government's clear and convincing evidence regarding the statutory factors in § 3142(g) fully supports the Magistrate's determination that Grice should be detained pending trial based on concerns for the safety of the community. (Order of Detention, p. 1). The Court has considered all the foregoing evidence and submissions, as well as the Memorandum of Law and Affidavit of defendant Grice's attorney, and likewise independently concluded that no conditions or combinations of conditions of release will ensure the safety of the community. In light of the Court's finding as to dangerousness no reconsideration need be given to the Magistrate Judge's determination that the defendant poses a risk of flight.

### III. Conclusion:

Magistrate Judge Smith's order of detention as to defendant Dennis L. Grice will remain in effect and for the foregoing reasons, it is hereby

**ORDERED,** that defendant Grice's Motion for Revocation of the Detention Order is DENIED.

**IT IS SO ORDERED.**