**UNITED STATES of America,**

v.

**Dennis DUNCAN and Norman Duncan, Defendants.**

**No. 95–CR–214.**

United States District Court, N.D. New York.

Aug. 30, 1995.

10. Because of the Court's holding, it need not    resolve the plaintiff's remaining arguments.

Thomas J. Maroney, United States Attorney, Albany, N.Y. (Paul D. Silver, Asst. U.S. Atty., of counsel), for United States.

O'Connell & Aronowitz, Albany, N.Y. (Gloria Herron Arthur, of counsel), for Defendant Norman Duncan.

### MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

Defendant Norman Duncan was detained by order of Magistrate Judge Smith after a pre-trial detention hearing held on June 29, 1995. Duncan now comes before the Court seeking review of Judge Smith's detention order under 18 U.S.C. § 3145.

## I. Background

Defendant Duncan was charged in the indictment with Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine and Marijuana in violation of 21 U.S.C. §§ 841 and 846. If convicted of these offenses, defendant faces a mandatory minimum term of imprisonment of ten years and a maximum term of life imprisonment.

## II. Discussion

### a. Standard Of Review

The Second Circuit has declared that when defendants seek review of a magistrate

judge's detention order a district Court should fully reconsider the magistrate's denial of bail. In undertaking such review the district Court should not simply defer to the judgment of the magistrate judge, but should reach its own independent conclusion. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (citing *United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir.1985); *United States v. Williams*, 753 F.2d 329, 331 (4th Cir.1985)). In short, such motions should be accorded substantially *de novo* review. *Id.*

■ It should be noted that detention hearings are an informal proceeding, and that the evidence presented is not governed by the Federal Rules of Evidence. 18 U.S.C. § 3142(f)(2). It is with these considerations in mind that the Court turns to the merits of the defendant's application.

### b. Statutory Presumptions Under 18 U.S.C. § 3142

■ The Court first notes that the defendant is faced with the statutory presumptions of dangerousness and risk of flight. Those presumptions arise from 18 U.S.C. § 3142(e), which states in relevant part:

> [s]ubject to rebuttal by the person, it shall be *presumed* that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more....

18 U.S.C. § 3142(e) (emphasis added). The Second Circuit has stated that a proper indictment "satisfies the Constitution as to the existence of probable cause that the defendant committed the crimes enumerated therein." *United States v. Contreras*, 776 F.2d 51, 54 (2d Cir.1985) (citing *Lawn v. United States*, 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958)). Thus, in the case at bar, since there is no allegation that the indictment was improper, there exists probable cause to believe that the defendant committed the acts alleged in the indictment. Accordingly, since the alleged offenses carry a potential maximum term of life imprisonment, it is presumed that the defendant poses a significant risk of flight as well as a danger to the community.

### c. Danger To The Community

■ The government retains the burden of proving dangerousness by clear and convincing evidence even when the statutory presumption has been invoked. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir.1991). Once a defendant introduces rebuttal evidence, however, the presumption does not disappear altogether, but rather continues to be weighed along with other factors. *Id.* The factors to be considered in assessing dangerousness are enumerated in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the risk to the community. *See, United States v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985).

■ The nature of Duncan's charged offense, § 3142(g)(1), weighs against his application. The government has alleged that Duncan conspired to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana. Clearly, the "nature and circumstances of the offense charged ... involve a narcotic drug," 18 U.S.C. § 3142(g)(1). Duncan is alleged to have been involved with the acquisition and trafficking of large amounts of cocaine over a number of years. Duncan also is accused of "cooking" the powdered cocaine into crack cocaine and engaging in the distribution and sale of the drug directly to customers and through a number of agents. Such a conspiracy is presumptively a dangerous activity. *Rodriguez*, 950 F.2d at 89.

As to the weight of the evidence against Duncan, § 3142(g)(2), the government proffers it has no less than five (5) confidential informants all of whom are claimed to be reliable based upon the independent investigation of a law enforcement officer.[1] The information obtained through the informants

---

1. DEA Special Agent Marano

indicates that since sometime in 1990, Duncan has been involved in supplying, receiving, packaging, and preparing cocaine in powder and crack forms for sale on the street in Albany.

Two of the five informants claim that they supplied cocaine to Duncan in the past. This allegation is corroborated by two other informants. Two of the informants claim to have travelled to New York City with Duncan to purchase quantities of cocaine. Two of the informants claim to have witnessed Duncan cooking the powdered cocaine to make crack cocaine. Finally, one of the informants claims to have been told by an alleged customer of the defendant that the defendant sold him narcotics in March of this year. This same customer has told DEA agents that he had purchased cocaine from Duncan on approximately one hundred (100) occasions.

In addition, a search of defendant's residence resulted in the discovery of a scale of a type known to be used by drug traffickers. In sum, the Court finds that the government has offered substantial evidence against the defendant.

■ As to Duncan's history and characteristics, § 3142(g)(3), defendant points to the complete absence of a past criminal record, the offer of future employment, and the fact that the other named defendant was released on bail. The government points to *Rodriguez* for the proposition that the absence of a criminal record does not compel a conclusion of non-dangerousness. *See, Rodriguez,* 950 F.2d at 85. The government also attempts to rebut Duncan's showing by indicating that it has in its possession a scale recovered at the defendant's residence commonly used by drug traffickers. In addition, the government proffers that Duncan claims $800.00 monthly income for only the last three months, yet claims $1272.00 in monthly expenses, and that he possesses two pieces of very expensive jewelry. However, Duncan has presented no evidence or claim of a collateral source of income, giving rise to a reasonable inference of illegal income. Finally, the Court gives no weight to the fact that a co-defendant was released on bail, since the determination as to bail for that defendant was based upon independent factors not before the Court.

■ The final factor, the nature and seriousness of the danger to any person or the community that would be posed by the release, § 3142(g)(4), poses the ultimate question. In light of the large amounts of cocaine involved and the large time frame surrounding the conspiracy, coupled with the seriousness of the charges, the Court can draw an inference that Duncan will continue his alleged narcotics activity. *See United States v. Hall,* 651 F.Supp. 13 (N.D.N.Y.1985).

■ The presumption is mitigated somewhat by Duncan's lack of a criminal history, coupled with his voluntary payment of support for a nonmarital child. These factors present the Court with a close question. Such factors, however, are not sufficient to rebut the § 3142 presumption, and when viewed in light of the Court's analysis of the government's clear and convincing evidence regarding the statutory factors in § 3142(g), fully support the Magistrate's determination that Duncan is "a danger to the community." (*See,* Magistrate Smith's Order of Detention, pt. II). This Court has considered all the foregoing evidence and submissions, as well as the Memorandum of Law and Affirmation of Duncan's attorney, and independently concludes that no conditions or combinations of conditions of release will ensure the safety of the community.

**d. Risk of Flight**

Notwithstanding the Court's determination with regard to the question of dangerousness, the Court will review the Magistrate Judge's decision as to risk of flight.

■ "The government's burden of proof on the question of risk of flight is not by clear and convincing evidence, but rather by a preponderance of the evidence." *Chimurenga,* 760 F.2d at 405. This lesser burden of persuasion reflects the congressional findings that underlie 18 U.S.C. § 3142. In particular, Congress found "that flight to avoid prosecution is 'particularly high among those charged with major drug offenses,'" and that "'a strong probability arises' that no form of

692

conditional release will be adequate to secure their appearance." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir.1986) (citing, Senate Report at 19–20, reprinted at 1984 U.S.Code Cong. & Ad.News at 3202–3203). The Court conducts its inquiry with the foregoing in mind.

■ Defendant Duncan attempts to rebut the presumption of the risk of flight by challenging the credibility of the confidential informants, suggesting the possibility of collateral financial support, pointing to his lack of a criminal record, and indicating that he was living with his girlfriend and had a job offer. Having presented rebuttal evidence, the Court notes that "the presumption of flight does not vanish from a case when a defendant comes forward with material to contradict it." *Martir*, 782 F.2d at 1146. The government retains the burden of persuasion. *Id.* at 1144.

■ The Court now must consider the evidence presented by the government, and determine whether it has made a showing by a preponderance of the evidence that Duncan pose a risk of flight, and that no conditions could reasonably assure the defendant's presence at trial. *United States v. Jackson*, 823 F.2d 4, 6 (2d Cir.1987). The factors to be considered by the Court when assessing the evidence as to risk of flight are the same as those for assessing dangerousness, and are enumerated in § 3142(g). The factors include the nature and circumstances of the offense charged, the weight of the evidence against the defendant and the history and characteristics of the defendant. 18 U.S.C. § 3142(g); *United States v. Jackson*, 823 F.2d 4, 6 (2d Cir.1987).

■ Initially, with respect to the nature and circumstances of the offense charged, the Court considers the congressional findings that those facing serious drug charges pose a serious risk of flight. Duncan is charged with a narcotics conspiracy for which he faces a maximum term of life in prison and a fine of up to $4 million. As set forth previously, the defendant is charged with a presumptively dangerous crime.

As to the weight of the evidence against Duncan, the Court has already found that the government has substantial evidence against

him. No less than five (5) confidential informants have implicated Duncan and are willing to testify against him. Their testimony, corroborated by the independent investigation of the DEA, indicates that Duncan supplied, received, packaged, prepared, and sold cocaine in various forms for at least two years. The government has indicated that paraphernalia associated with drug traffickers was seized at the defendant's residence. Moreover, the defendant's monthly income falls far short of his monthly expenses, two pieces of very expensive jewelry were seized at his residence, and the defendant has offered no evidence as to any collateral sources of income, all of which give rise to a reasonable inference of illegal income.

As to the defendant's history and characteristics, the Court finds, as did the Magistrate Judge, that Duncan is a 25–year old Jamaican national residing legally in the United States. However, the defendant's child and the child's mother reside in Jamaica. Duncan lives with his girlfriend in Albany, but has lived there for a short time. In general, the Court finds that the defendant lacks ties to the area.

In addition to the statutory presumption and the congressional findings with respect to the risk of flight relating to individuals charged with serious drug offenses, the government has shown that each of the factors set forth in § 3142 weighs in favor of detention in this case. The defendant's showing is insufficient to overcome the weight of that proffered by the government. The Court finds that defendant Norman Duncan presents a risk of flight such that no conditions could reasonably assure his presence at trial.

### III. CONCLUSION

Magistrate Judge Smith's order of detention as to Norman Duncan will remain in effect and for the foregoing reasons, it is hereby

**ORDERED,** that defendant Duncan's motion that he be released on reasonable bail is denied.

IT IS SO ORDERED.