**UNITED STATES of America**

v.

**Willie Lee TEDDER, et al., Defendants.**

**No. 95–CR–316 (FJS) (RWS).**

United States District Court, N.D. New York.

Nov. 6, 1995.

Thomas J. Maroney, United States Attorney (NDNY) (Donald Kinsella, Asst. U.S. Atty., of counsel), Syracuse, NY, for U.S.

James E. Long, Albany, NY, for Defendant Willie Lee Tedder.

### DECISION AND ORDER

SCULLIN, District Judge:

This matter is before the Court on Defendant Willie Lee Tedder's motion to revoke an order of detention signed by Magistrate Judge Ralph W. Smith, Jr. on October 4, 1995.

■ "[A] district court should fully consider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985).

Under 18 U.S.C. § 3142(e) a defendant will be detained pending trial if the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Where the indictment charges defendant with a narcotics offense with a potential penalty of imprisonment of ten or more years, the defendant must overcome the rebuttable presumption that no conditions of release will ensure the defendant's reappearance for trial and that no conditions of release will ensure the safety of the community. 18 U.S.C. § 3142(e).

This presumption continues to be weighed along with other factors once a defendant introduces rebuttal evidence. *Id.* The other factors the Court must consider include: (1) the nature and circumstances of the offense charged including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Millan,* 4 F.3d 1038, 1047 (2d Cir. 1993).

■ However, the government must demonstrate a defendant's dangerousness to the community by clear and convincing evidence. *United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir.1991); and the government must demonstrate that no conditions of release will reasonably assure defendant's attendance at trial by a preponderance of the evidence. *United States v. Martir,* 782 F.2d 1141, 1146 (2d Cir.1986).

In this case, defendant is charged with one count of conspiracy to distribute a controlled substance (heroin) in violation of 21 U.S.C. § 841. On September 28, 1995, a detention hearing was held by Magistrate Judge Smith and an order of detention was entered on October 4, 1995. The rebuttable presumption in 18 U.S.C. § 3142(e) is applicable in this case because defendant is charged with a narcotics offense and faces a potential life sentence if convicted. In the detention order, Magistrate Judge Smith found that clear and convincing evidence existed which demonstrated that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any other person and the community.

*Dangerousness to the Community*

■ Defendant attempts to rebut the statutory presumption by pointing to his lack of a criminal record. However, the Court recently learned that defendant does have a prior criminal record. The Court is aware of at least one prior conviction in Wilmington,

Delaware in October, 1992. In that case defendant was charged with possession of a deadly weapon, conspiracy and reckless endangerment. He pled guilty to reckless endangerment in full satisfaction of all the charges.

In addition, Magistrate Judge Smith found that the government proffered clear and convincing evidence that the defendant is a "prime-mover" in a long-running drug trafficking operation in Albany. The operation employed female "mules" to transport drugs from New York City to Albany, New York. Defendant has allegedly been selling drugs in Albany for over a year.

■ The government need not present a record of violence to justify a detention. *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir.1991). Here, the evidence that defendant was "running" the heroin operation, combined with the statutory presumption, weigh heavily in the government's favor.

Therefore, the Court finds that the government has demonstrated defendant's dangerousness to the community by clear and convincing evidence.

*Risk of Flight*

Defendant is unemployed, has no assets in the Albany area, and as Magistrate Judge Smith stated, defendant's living arrangements appear "tenuous." Defendant disputes Magistrate Judge Smith's findings concerning the details of his living arrangements. However, any mistake regarding defendant's living arrangements is far less important than the facts underlying the charges against defendant.[1]

In addition, the government proffered evidence that defendant has demonstrated a willingness to flee the jurisdiction. For example, the government asserts that defendant once moved to New York City after he discovered that the Albany Police Department had used an informant to purchase heroin from him. Defendant apparently has family in Brooklyn, New York and continued to run the operation from there.

In summary, the Court finds that defendant's family ties to the community are neither strong nor stable; that he has no assets or employment in the Albany area; and that he has demonstrated a willingness to flee the jurisdiction. In considering this very issue, Congress found that flight to avoid prosecution is "particularly high among those charged with major drug offenses." *Martir,* 872 F.2d at 1144 (quoting Sen.Rep. No. 225, 98th Cong., 1st Sess. 20 (1978), *reprinted in* 1984 U.S.C.C.A.N. 3203).

■ Therefore, it is the decision of this Court that the government has demonstrated, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of defendant as required.[2]

*Conclusion*

Therefore, having carefully considered the arguments of counsel and the record in this matter, it is hereby,

ORDERED that Defendant's motion is DENIED.

**IT IS SO ORDERED.**

---

1. The Court notes that Defendant has allegedly resided in Albany with his pregnant paramour for the past three years, and also has a three year old daughter by a former paramour, both of whom live in Albany.

2. Defendant also points out that Magistrate Judge Smith set bail at $15,000 for a co-defendant who had several felony convictions, including bail jumping. This argument is unpersuasive. A co-defendant's detention matters are generally irrelevant to the Court's inquiry because detention matters are decided on a case by case basis. *Martir,* 782 F.2d at 1145.