**UNITED STATES of America**

v.

**Jesse CARTER, et al., Defendant.**

**No. 95–CR–0232.**

United States District Court,
N.D. New York.

Feb. 26, 1996.

**194**

Thomas J. Maroney, United States Attorney, Northern District of New York, Binghamton, NY (Gary C. Sharpe, Assistant U.S. Attorney, of counsel), for U.S.

Office of Luciano L. Lama, Ithaca, NY (Luciano L. Lama, of counsel), for defendant Carter.

**MEMORANDUM–DECISION & ORDER**

McAVOY, Chief Judge.

**I. BACKGROUND**

This matter comes before the court on the defendant Carter's motion for revocation or amendment of the detention order entered against him in the instant case.

The defendant Carter was charged in an indictment dated June 23, 1995, along with many others with various counts of cocaine distribution in violation of 21 U.S.C. § 841(a)(1), the use of firearms in furtherance of narcotics trafficking in violation of 18 U.S.C. § 924(c), and two forfeiture counts. Following a detention hearing before Magistrate Judge DiBianco on July 6, 1995, the defendant Carter was detained pursuant to an order of the Magistrate Judge dated July 12 1995. The defendant Carter sought reconsideration of that Order, which was denied on December 13, 1995. The defendant Carter now seeks review by this court.

## II. DISCUSSION

### A. Review Of A Detention Order

■ "If a person is ordered detained by a magistrate ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). This Circuit has held that when a defendant seeks review of a Magistrate Judge's detention order, the district court should fully review the denial of bail, and reach an independent conclusion. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985) (citations omitted).

■ The court notes that the defendant Carter has been charged with at least one count contemplated by 21 U.S.C. § 848, and accordingly, the defendant Carter is faced with a statutory presumption of dangerousness and risk of flight.[1] *See* 18 U.S.C. § 3142(e). The statute states, in relevant part, "[subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community ..." *Id.* The Second Circuit has further held that "an indictment returned by a duly constituted and unbiased grand jury satisfies the Constitution as to the existence of probable cause that the defendant committed the crimes enumerated therein." *United States v. Contreras,* 776 F.2d 51, 54 (2d Cir.1985) (citation omitted).

■ The government retains the burden of proving dangerousness by clear and convincing evidence even when the statutory presumption has been invoked. *See United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir.1991). However, once a defendant introduces rebuttal evidence the presumption does not disappear altogether, but rather, continues to be weighed along with other factors. *Id.*[2] The factors to be considered in assessing dangerousness are enumerated in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the seriousness of the risk to the community. *See also United States v. Chimurenga,* 760 F.2d 400 (2d Cir.1985).

### B. Defendant Carter

■ The nature of the crimes charged against the defendant Carter weighs most heavily against his application. The government has alleged a violation of 21 U.S.C. § 846 (cocaine conspiracy involving more than 5 kilograms of cocaine and with a mandatory minimum of 10 years to life imprisonment), and 21 U.S.C. § 848 (CCE with a mandatory minimum of 20 years to life imprisonment), each of which raises the 18 U.S.C. § 3142(e) presumption.

The government contends that the defendant Carter was a manager in the so-called Joyner Organization.[3] The government has alleged that the defendant Carter's role in the CCE and the conspiracy was as the manager of Begies, a local bar, out of which cocaine allegedly was sold, and as a collector and storer of cocaine delivered from New York, as a collector of money from sellers of cocaine, and as a supervisor of security.

In addition, the defendant Carter allegedly was involved in a high speed car chase by the Binghamton police during which two guns were thrown from the car in which the defendant Carter was riding. Those two guns were used by the drug organization.

The defendant Carter has been arrested on drug possession charges in 1990, for which he was given five years probation. While on probation, the defendant was charged with another narcotics offense, now pending in

---

1. 18 U.S.C. § 924(c), 21 U.S.C. § 848, and 21 U.S.C. § 846.

2. The *Rodriguez* court noted that the above standard gives "seemingly conflicting signals regarding the standard of review." 950 F.2d at 88.

3. The Joyner Organization had as its primary purpose to generate substantial income from the distribution of cocaine in the Binghamton, New York area. The Joyner Organization was comprised of multiple levels of organizers, managers, and supervisors who procured, packaged, distributed, and sold cocaine. Moreover, the indictment alleges that certain members of the organization procured firearms and made threats in furtherance of the aims of the organization.

Warren County Superior Court in New Jersey. The arrest was for possession of approximately 3000 vials of crack cocaine. Finally, it is alleged that the defendant Carter also faces charges relating to a recent marijuana arrest.

The defendant faces a minimum of 10 years to life imprisonment if convicted of conspiracy, and a minimum of 20 years to life imprisonment if convicted of the CCE. The government argues that the severity of the penalties facing the defendant Carter raise an additional inference of risk of flight.

The defendant Carter argues that he was not a high level manager of a drug distribution organization, and points to his alleged dire financial condition in support of that contention. Also, the defendant Carter voluntarily surrendered to U.S. Marshals upon learning that he was under investigation. In addition, the defendant has expressed a willingness to accept any condition of release. The defendant Carter's father and sister, both employed by the New York City police department, are willing to accept responsibility for his release.

## C. Determination As To Detention

Based on the facts set forth above and in the indictment, on the past criminal record of the defendant Carter, on the defendant Carter's difficulties with parole, and on the scope of the charges against him and the potentially severe penalties concomitant with those charges, the court finds that the defendant Carter has not rebutted the presumption of dangerousness or risk of flight. Moreover, the court finds that even if the defendant Carter had rebutted the presumptions imposed by the statute, the government has met its burden of proving dangerousness and risk of flight by clear and convincing evidence.

The court has considered the nature of the offenses charged, the weight of the evidence against the defendant Carter, and the defendant's history and characteristics. The court finds that there are no conditions or combination of conditions that will ensure the appearance of the defendant Carter at further court proceedings and that will ensure the safety of the community. The court has considered the other alternatives to detention, but finds that none are appropriate or will be effective for this defendant.

## III. CONCLUSION

Based on the foregoing, the defendant Carter's motion to revoke or amend the detention order is hereby DENIED.

**It is so ordered.**