79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard Everette BARNWELL, Defendant-Appellant.
 No. 96-5146.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1996.
 
 Before: KEITH, MARTIN, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Defendant has been indicted on charges of conspiracy to distribute marijuana and possession with intent to distribute marijuana. He was ordered detained pending trial, and now appeals the detention order. The government argues that the district court's order should be affirmed.
 
 
 2
 According to the provisions of 18 U.S.C. § 3142(e) and (f), certain defendants shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. 18 U.S.C. § 3142(e); see also United States v. Strong, 775 F.2d 504, 506-07 (3d Cir.1985).
 
 
 3
 A indictment can establish probable cause to believe that the defendant committed an offense that triggers the presumption in favor of detention. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir.1991) (per curiam); United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985). The presumption does not relieve the government of the ultimate burden of proof. United States v. Martir, 782 F.2d 1141 (2d Cir.1986). However, even where a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains evidentiary weight." United States v. Dillon, 938 F.2d at 1416; see United States v. Rueben, 974 F.2d 580, 586 (5th Cir.1992), cert. denied, 507 U.S. 940 (1993); United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir.1991); United States v. Hare, 873 F.2d 796, 798 (5th Cir.1989).
 
 
 4
 Based on a review of the materials presented, we conclude that the district court correctly applied the presumption in favor of pretrial detention and adequately considered the relevant factors. The district court found that the government demonstrated by clear and convincing evidence that defendant was a danger to the community. Although defendant presented evidence to the contrary, he did not successfully rebut the evidence of dangerousness presented by the government.
 
 
 5
 Therefore the district court's order detaining defendant pending trial is AFFIRMED. Sixth Circuit Local Rule 9(b).