**UNITED STATES of America,**
**Appellee,**

v.

**Joromi BAZUAYE, aka John Bazu,**
**aka Jerome Dazuaye, Defendant–**
**Appellant.**

**No. 03–1581.**

United States Court of Appeals,
Second Circuit.

Dec. 12, 2003.

Maurice Sercarz (Robert J. Hantman, Hantman & Associates, on the brief), New York, NY, for Appellant.

Marc D. Berger, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Joromi Bazuaye files this interlocutory appeal, pursuant to Fed. R.App. P. 9(a), challenging the September 9, 2003 order of the district court revoking Bazuaye's bail and remanding him prior to trial.

We review the district court's factual findings with respect to a bail decision for clear error and its conclusions of law *de novo*. *See United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir.2000). Under 18 U.S.C. § 3148, a district court may revoke a prior grant of bail upon the government's motion if, *inter alia*, it finds, after a hearing, that there is probable cause to believe that the defendant has committed a crime while on release and that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. §§ 3148(b)(1), (b)(2). Furthermore, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). That presumption does not disappear once the defendant has produced some rebuttal evidence, but "continues to be weighed along with other factors." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir.1991).

The district court here revoked bail on the grounds that there was probable cause to believe that Bazuaye had committed perjury during a suppression hearing and that no other combination of bail conditions could protect the community from the threat that Bazuaye would further seek to obstruct justice. *See LaFontaine*, 210 F.3d at 134 (observing that obstruction

of justice has been a traditional ground for pretrial detention by the courts).

Having thoroughly considered appellant's arguments and the record below, we find no error in the district court's order. Accordingly, the judgment of the district court is hereby AFFIRMED.