**UNITED STATES of America, Appellee,**

v.

**Kavone HORTON, Defendant–Appellant.**

**16–1574**

United States Court of Appeals, Second Circuit.

June 24, 2016

FOR APPELLANT: GARY G. BECKER, Gary G. Becker, PLLC, New York, New York.

FOR APPELLEE: HAGAN SCOTTEN, Assistant United States Attorney, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

PRESENT: DENNIS JACOBS, GUIDO CALABRESI, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Kavone Horton appeals from an order of the United States District Court for the Southern District of New York (Kaplan, J.), denying bail and ordering pretrial detention. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo questions of law and mixed questions of law and fact, and generally apply a "clearly erroneous" standard to the factual findings of the district court. United States v. English, 629 F.3d 311, 319 (2d Cir. 2011). The district court's ultimate finding "may be subject to plenary review if it rests on a predicate finding which reflects a misperception of a legal rule applicable to the particular factor involved." Id. at 319–20 (quoting United States v. Shakur, 817 F.2d 189, 197 (2d Cir. 1987)).

In the present case, we cannot determine whether the district court misperceived the law when it issued its detention order. The statutes under which Horton has been charged impose a rebuttable presumption that "no condition or combination of conditions will reasonably assure" the safety of the community. See 18 U.S.C. § 3142(e). The defendant bears the burden of producing evidence to rebut that presumption. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

If the defendant produces such evidence, the presumption does not vanish; rather, it "remains a factor to be considered among those weighed by the district court." Id. But even with the benefit of this presumption, "[a]t all times . . . the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community . . . ." United States v. English, 629 F.3d 311, 319 (2d Cir. 2011); United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991).

The district court stated that it was the defendant's burden to show by clear and convincing evidence that he should be released.[1] This statement was incorrect, as the government always bears the burden. See English, 629 F.3d at 319. The next day, the district court denied bail by using a form order that stated the correct standards governing bail. On the current record, we are unable to determine whether or not the district court applied the correct burden of persuasion.

The bail issue is a close one on this record; there are particular facts and

1. THE COURT: Well, that raises a very interesting point. Your view, as I understand it, of the presumption in an adverse presumption case from the defendant's point of view on bail is a form of words without meaning at all in that, well, it is a presumption case, the statute says I am to presume that in the absence of clear and convincing evidence to the contrary there is no condition[ ] or combination of conditions under which the safety of the community can be reasonably assured if your client is let out on bail. Those are all nice words but in fact the burden of proof is on the government. How could you reconcile that?

Gov't Ex. C (May 3, 2016 Tr.) at 12.
THE COURT: Look, there is a statutory presumption that says unless I am really seriously convinced that letting your guy out on some conditions will reasonably insure the safety of the community, he is in. You're telling me that the practical effect of that presumption is zero, that what has to happen here is in order to keep him in the government has to satisfy the burden of proof of the opposite proposition.
Gov't Ex. C (May 3, 2016 Tr.) at 13.

circumstances that militate in favor of release; and other particular facts and circumstances that militate in favor of detention. Accordingly, we remand to the district court for it to reconsider bail under the correct burden of persuasion.

For the foregoing reasons, we hereby **REMAND** the case to the district court with instructions that the district court **VACATE** its prior detention order and hold further proceedings consistent with this summary order.