21-2563 (L)
*United States v. Turnquist*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-two.

PRESENT:    Rosemary S. Pooler,
            Richard C. Wesley,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

   v.                                          Nos.  21-2563 (L)
                                                    22-757 (Con)

NICHOLAS TURNQUIST,

      *Defendant-Appellant.*

_____

*For Appellee*:  MAEVE HUGGINS, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* Trini E. Ross, United States Attorney, Western District of New York, Buffalo, NY.

*For Defendant-Appellant*:  ROBERT SINGER, Singer Legal PLLC, Williamsville, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered March 29, 2022, is **AFFIRMED**. Turnquist's appeal of the district court's first order of detention, entered September 30, 2021, is **DISMISSED** as moot.

**I**

This is a consolidated appeal in which Defendant-Appellant Nicholas Turnquist appeals the district court's orders of detention pending trial entered September 30, 2021, and March 29, 2022. Both orders rely on findings made by the district court following Turnquist's indictment for transporting a minor with

intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a).[1]

Specifically, Turnquist is alleged to have transported his stepdaughter, M.K., with the intent to engage in criminal sexual activity with her. Turnquist is alleged to have transported or attempted to transport M.K. from New York to Maryland, Pennsylvania, Florida, and Canada. Though M.K. is now an adult, the indictments allege that Turnquist abused her as a minor, beginning at approximately age 12.

The district court held two hearings to determine whether to grant Turnquist release from pretrial detention. First, on September 30, 2021, the district court found that 18 U.S.C. § 3142(e)(3)(E)'s rebuttable presumption against release applied to Turnquist and that Turnquist failed to rebut the presumption. The district court evaluated the statutory factors laid out in 18 U.S.C. § 3142(g), focusing on the serious nature and circumstances of the offense as well as the weight of the evidence, which the district court found to be substantially "corroborat[ed]." The district court also referenced "threats" Turnquist allegedly

---

[1] On February 3, 2021, a grand jury returned an indictment charging Turnquist with one count of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). On March 8, 2022, a grand jury returned a superseding indictment against Turnquist, in which he was charged with five counts of transporting a minor with intent to engage in criminal sexual activity, in violation of § 2423(a) and (e).

directed at M.K. and considered "the risk of harm to other minors." Accordingly, the district court found that no condition or combination of conditions of release would adequately ensure that Turnquist would not pose a danger to the community, and it ordered him detained pending trial.[2]

On March 29, 2022, the district court held a second detention hearing after Turnquist was charged in a superseding indictment. At the second proceeding, both parties relied heavily on their previous arguments. After incorporating the reasoning from its prior decision while noting that "if anything, in my judgment, the case for detention is stronger" in light of the grand jury's indictment on additional charges, the district court again ruled in favor of the government. Turnquist now appeals the decisions and orders of the district court. We assume the parties' familiarity with the remaining facts, procedural history, and arguments on appeal.

---

[2] In so doing, the district court rejected the magistrate judge's release order, which would have permitted Turnquist's release on conditions including a bail package of $50,000 secured by Turnquist's mother's home, surrender of his passport, and a prohibition against contacting any potential witnesses in the case.

## II

Pursuant to the Bail Reform Act of 1984, the district court decides whether to detain a defendant pending trial. 18 U.S.C. § 3142(f). In making such a determination, the district court must consider the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g). A presumption of detention arises when there is probable cause to believe that the defendant committed an offense involving a minor victim, including transportation of a minor with intent to engage in criminal sexual activity. *Id.* §§ 3142(e)(3), (e)(3)(E); *see United States v. Contreras*, 776 F.2d 51, 54-55 (2d Cir. 1985).[3]

This court's review of a district court's order of detention is "deferential" and confined to clear error, *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019),

---

[3] Were a defendant to rebut this presumption, "rather than disappearing altogether," the presumption becomes a "consider[ation]" that "continues to be weighed along with other

due to the district court's "unique insights into the defendant as an individual and into his personal, professional, and financial circumstances," *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004). This standard "plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently," *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985), and a district court's judgment should stand absent a "definite and firm conviction that a mistake has been committed," *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting *Anderson*, 470 U.S. at 573).

**III**

The district court did not commit clear error in ordering Turnquist detained pending trial. The district court started its analysis by noting that it had "given these arguments … a lot of consideration" and decided that it "d[id] not think that release is warranted under these facts." S. App'x 22.[4] The district court considered the nature and circumstances of the offense, which it assessed as "obviously …

---

factors … when deciding whether to release a defendant." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991).

[4] The district court further noted that it relied on the parties' "written submissions, the Government's proffer, the transcripts of the detention hearings before" the magistrate judge, "the pretrial services report … and the indictment, the criminal complaint … and the affidavit" of an FBI agent "in support of the complaints." S. App'x 24.

6

serious" because it involved violence against a minor victim and each count carried a term of imprisonment of at least ten years and up to life. As to the weight of the evidence, the district court assessed the evidence as "unique[ly] corroborat[ed]" and catalogued the evidence it found to be especially relevant. This evidence included (1) a statement from a minor witness who, when interviewed by children's services, "recounted" M.K. "being on top of Turnquist, facing him, her legs spread over [him], and that the two were under a blanket" in addition to other occasions in which Turnquist "would force her to do things" that adults do, App'x 14 ¶ 14; (2) a phone call between Turnquist and his wife in which Turnquist made seemingly incriminating statements, including that M.K. had alleged "forc[ible]" (as opposed to statutory) rape, and discussed the statutory age of consent in various states, App'x 12-13 ¶ 12; (3) a controlled phone call between Turnquist and M.K. in which Turnquist made seemingly incriminating statements about his "regret" for his conduct toward M.K. when, in M.K.'s words, she "was a kid," App'x 352-53; and (4) corroborating business records documenting the trips at which the criminal conduct allegedly took place.

The district court also considered evidence of threats against M.K., acknowledging that the evidence was "dated," as well as "the risk of harm" and

7

"potential access to" other minors if Turnquist were to be released pending trial. The district court found that these considerations outweighed the arguments advanced by Turnquist in his papers and in his hearing presentations that the allegations of sexual abuse were confined to M.K. and that Turnquist had a stable employment history and ties to the community. In reviewing the decision of the district court, we are not left with any "definite and firm conviction that a mistake has been committed," and the district court did not commit clear error in finding that there was no condition or combination of conditions that would assure the safety of others or the community if Turnquist were released pending trial. *Shakur*, 817 F.2d at 195. The district court did not err in finding that Turnquist had not rebutted the presumption against release under 18 U.S.C. § 3142(e)(3)(E), but even if he had, and the presumption weighed only as a factor among the § 3142(g) considerations, the district court's judgment still would not be erroneous given the court's thorough assessment and consideration of the other factors.

\* \* \*

We have considered Turnquist's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the

8

district court entered March 29, 2022, and **DISMISS** the appeal from the order of

the district court entered September 30, 2021, as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court