**UNITED STATES of America,**

v.

**John CLOSE, Defendant.**

**Criminal No. 2008–10032–NG.**

United States District Court, D. Massachusetts.

April 8, 2008.

Peter K. Levitt, United States Attorney's Office, Boston, MA, for Plaintiff.

Catherine K. Byrne, Federal Defender's Office, District of Massachusetts, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)

COLLINGS, United States Magistrate Judge.

John Close ("Close" or "the defendant") appeared on April 7, 2008 with counsel for a detention hearing. He is charged with "knowingly" possessing a firearm and ammunition, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

The purpose of a detention hearing is as stated in the statute—i.e., "... to determine whether any condition or combination of conditions ... (of release) will reasonably assure the appearance of [the] person

as required and the safety of any other person and the community ...". Title 18 U.S.C. § 3142(f). It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides:

In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

The instant case is one "... described in subsection (f)(1) ..." of section 3142, specifically subsection (f)(1)(E).

As to the first requirement contained in subsection (1), Close was convicted in the Lynn District Court on September 4, 2003 of assault and battery with a dangerous weapon. This offense would have been an offense described in 18 U.S.C. § 3142(f)(1)(A) if brought in federal court.

As to the second requirement, on the date he committed the crime of assault and battery with a dangerous weapon, June 8, 2003, he was on bail from the Lynn District Court for another charge of assault and battery with a dangerous weapon. That offense was committed on or about April 22, 2003 and on that date, the defendant was released on $1,000 personal recognizance bail. Thus, he was out on bail on June 8, 2003.

Lastly, as to the third requirement, not more than five years have elapsed since September 4, 2003 when he was convicted and sentenced in the Lynn District Court on the assault and battery with a dangerous weapon which had occurred on June 8, 2003.

 Thus, it is presumed that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community. Although the First Circuit has not had occasion to construe this presumption, I will assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e) in the case of *United States v. Jessup,* 757 F.2d 378 (1st Cir.1985) [1]. The presumption does not shift the burden of persuasion to the defendant; it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress' judgment that defendants who have recently been convicted of felonies which were committed when they were on release (or bail) are dangerous and pose a particularly great risk to the

---

**1.** The case of *United States v. O'Brien,* 895 F.2d 810, 814 (1st Cir.1990) established that the standard of appellate review of a pre-trial detention or release decision is that of an "independent review" rather than whether the decision was "supported by the proceedings below" as stated in *Jessup,* 757 F.2d at 387-8. The holding in *Jessup* construing the statutory presumption remains good law.

safety of other persons and the community.

In the case instant case, the defendant has utterly failed to meet his burden of production. "... [T] he presumption serves to shift the burden of production and to **require** that the defendant introduce 'some evidence' to the contrary." *United States v. O'Brien,* 895 F.2d 810, 815 (1st Cir.1990) quoting *Jessup,* 757 F.2d at 381 (emphasis added). In the instant case, the defendant neither offered evidence at the detention hearing nor proffered any. To be sure, defendant's counsel cross-examined the Government's witness on aspects of the incident which form the basis of the charge, but none of that evidence in any way indicated that the defendant would not be a danger if released. Further, merely suggesting, without more, that the defendant should be released on electronic monitoring in the custody of his mother is not sufficient to meet the burden of production of *evidence* which the presumption, as interpreted in the *Jessup* case, places on the defendant.'² Therefore, Close will be detained on the basis of the presumption.

Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra.* Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(*l*) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U.S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).

---

**2.** The Court notes that the First Circuit held in the *O'Brien* case, 895 F.2d at 816, that defendant's evidence consisting of two witnesses and an affidavit on the effectiveness of electronic monitoring "only arguably rebuts the presumption of flight." It was only that evidence in combination with additional evidence as to the availability of a surety which led the Court to conclude that the "... evidence as a whole [was] sufficient to rebut the presumption."