UNITED STATES of America,

v.

Jerry CORREIA, Defendant.

Criminal No. 2013–10017–JLT–13.

United States District Court,
D. Massachusetts.

April 4, 2013.

Emily O. Cummings, John A. Wortmann, Jr., U.S. Attorney's Office, Boston, MA, for United States of America.

Debra A. DelVecchio, DelVecchio & Houseman, Salem, MA, for Defendant.

### MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)

COLLINGS, United States Magistrate Judge.

Jerry Correia ("Correia" or "the defendant") appeared on March 13, 15 and 18, 2013 with counsel for a detention hearing. He is charged with conspiracy to distribute cocaine base, cocaine, oxycodone and marijuana in violation of 21 U.S.C. § 846. The purpose of a detention hearing is as stated in the statute—i.e., "... to determine whether any condition or combination of conditions ... [of release] will reasonably assure the appearance of the person as required and the safety of any other person and the community ...". Title 18 U.S.C. § 3142(f).

It is important to note that the statute, 18 U.S.C. § 3142(e), contains two presumptions which are applicable to the case at bar. As to the first, the statute provides:

(2) In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that-

(A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(B) the offense described in subparagraph (A) was committed while the person was on release pending trial for a Federal, State, or local offense; and

(C) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

The instant case is one "... described in subsection (f)(1) ..." of section 3142, specifically subsection (f)(1)(C).

As to the first requirement contained in subsection 3142(e)(2)(A), Correia was convicted in the Suffolk Superior Court on August 22, 2011 of possession of a firearm without an ID card (3 counts) and carrying a firearm with ammunition (2 counts) and received a sentence of 30 days in the House of Correction committed and 2 years probation from and after.[1] Two of these offenses would have been offenses described in 18 U.S.C. § 3142(f)(1)(E) ("any felony ... that involves the possession or use of a firearm ...") if brought in federal court.

As to the second requirement, on the date he committed those crimes, i.e., May 28, 2006, he was on release from the Dorchester District Court on a charge of knowingly receiving stolen property and use without authority. Those cases originated on or about October 20, 2005 and were not resolved until June 8, 2006. Correia was on release on those cases during that period, which encompasses May 28, 2006.

Lastly, as to the third requirement, not more than five years have elapsed since he was convicted of these charges on August 22, 2011. Obviously, this is well within the five-year window.

Thus, pursuant to this first presumption, it is presumed that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community.

■ As to the second presumption, the statute provides, in pertinent part:

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the per-

---

1. This is how the offenses were characterized in Correia's CORI report and the Pre–Trial Services Officer's Report. At final argument, Correia's counsel took issue with these characterizations. As a result, Pre–Trial Services obtained copies of the original records from the Suffolk Superior Court. There were five indictments, and copies are attached hereto. The records of the Superior Court indicate that Correia plead guilty to the 3rd, 4th and 5th indictments and to lesser included offenses as to the 1st and 2nd indictments. The lesser offenses were for being in possession of a firearm without an ID card in violation of M.G.L. c. 269 § 10(h)(1). These lesser offenses, as well as the charge in the third indictment, are not felonies under Massachusetts law. However, the charges in the 4th and 5th indictments are for violations of M.G.L. c. 269 § 10(n). This provision requires an underlying conviction for a violation of M.G.L. c. 269, § 10(a) which clearly is a felony under Massachusetts law because it is punishable by imprisonment in the state prison. See M.G.L. c. 274 § 1. M.G.L. c. 269 § 10(n) adds a House of Corrections sentence over and above the sentence provided by M.G.L. c. 269, § 10(a) if the firearm is loaded.

son as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.) ...

Title 18 U.S.C. § 3142(e)(3)(A) (Emphasis supplied).

■ The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if there is probable cause to believe that the defendant committed the offense charged in the Indictment. The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas*, 804 F.2d 157, 163 (1 Cir.1986).

■ The First Circuit has had occasion to construe this second presumption. The Court has ruled that although this presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous

and pose particularly great risks of flight. *United States v. Jessup*, 757 F.2d 378 (1 Cir.1985)[2]; *United States v. Palmer–Contreras*, 835 F.2d 15, 17–18 (1 Cir.1987).

■ Although the First Circuit has not had occasion to construe the first presumption, I shall assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e) in the *Jessup* case. *United States v. Close*, 550 F.Supp.2d 185, 187 (D.Mass.2008). *See also United States v. Wilson*, 2012 WL 5989922, at *2 (M.D.N.C., Nov. 30, 2012) (citing *Close*).

With respect to the first presumption, Congress was concerned with defendants who have been convicted of certain crimes which were committed while they were on bail or release from another charge. The following excerpt from the legislative history describes the Congressional paradigm:

> ... the bill does describe two sets of circumstances under which a strong probability arises that no form of conditional release will be adequate.

The first of these [codified in 18 U.S.C. § 3142(e)(2) ] arises when it is determined that a person charged with a seriously dangerous offense has in the past been convicted of committing another serious crime while on pretrial release. Such a history of pretrial criminality is, absent mitigating information, a rational basis for concluding that a defendant poses a significant threat to community safety and that he cannot be

---

2. The case of *United States v. O'Brien*, 895 F.2d 810, 814 (1 Cir.1990) established that the standard of appellate review of a pre-trial detention or release decision is that of an "independent review" rather than whether

the decision was "supported by the proceedings below" as stated in *Jessup*, 757 F.2d at 387–8. The holding in *Jessup* construing the statutory presumption remains good law.

trusted to conform to the requirements of the law while on release.

\* \* \*

The Committee believes that it is appropriate in such circumstances that the burden shift to the defendant to establish a basis for concluding that there are conditions of release sufficient to assure that he will not again engage in dangerous criminal activity pending his trial. S. REP. 98–225, 19, 1984 U.S.C.C.A.N. 3182, 3202, 1983 WL 25404, at \*19 (Leg. Hist.).

■■ Thus, with respect to each presumption, the defendant has a burden of production. "[T]he presumption serves to shift the burden of production and to **require** that the defendant introduce '**some evidence**' to the contrary." *United States v. O'Brien,* 895 F.2d 810, 815 (1 Cir.1990) (quoting *Jessup,* 757 F.2d at 381 (Emphasis supplied)).

The second issue is whether the defendant has met his burden of production. I find that he has not.

At the detention hearing, counsel for Correia proposed that the defendant's father serve as Third–Party Custodian and that the defendant live on electronic monitoring at Apt. # 1, 83 Nelson Street in Mattapan where he had been living before his arrest. This is the location at which a search was conducted pursuant to a warrant on the date of the defendant's arrest, i.e., January 17, 2013, during which agents found plastic bags containing marijuana, a box of .380 caliber ammunition, and a heat sealer for plastic bags. *See* Exhibit 5. The

evidence proffered by the defendant was manifestly insufficient to meet the defendant's burden of production.

The Court notes that the First Circuit held in the *O'Brien* case, 895 F.2d at 816, that the defendant's evidence consisting of two witnesses and an affidavit on the effectiveness of electronic monitoring "only arguably rebuts the presumption of flight." It was only that evidence in combination with additional evidence as to the availability of a surety which led the Court to conclude that the "... evidence as a whole [was] sufficient to rebut the presumption." *Id.* While *O'Brien* dealt with the question of what evidence was necessary in order to rebut the presumption with respect to the risk of nonappearance, the Court's recitation of what type of evidentiary production is necessary to rebut that presumption gives some indication of the type of evidence which would be needed to rebut the presumption of dangerousness.

Subsequent cases have reinforced this holding. In *United States v. Capers,* 971 F.2d 744 (1 Cir.1992) (Table), 1992 U.S.App. Lexis 9059 (1 Cir. Jan. 14, 1992), the evidence which was deemed sufficient to meet the burden of production included the deposit of $25,000 cash. 2004 WL 1635021, 1992 U.S.App. Lexis 9059, \*\*7–8. In *United States v. Arroyo–Reyes,* 32 F.3d 561 (1 Cir.1994) (Table), 1994 WL 440654 (1 Cir. Aug. 15, 1994) (*per curiam* ), the evidence which seems to have been found sufficient to meet the burden of production included a relative agreeing to post $44,000 equity in a home. 1994 WL 440654, \*2.[3] In the case of *United States v. Rogers,* 50

---

3. The Court wrote that: "[m]indful of the fact that the presumption shifts to the defendant the burden of production, not the burden of persuasion, the defendant's proffer of evidence is not enough to grant him bail." 1994 WL 440654, \*2. It is unclear whether the Court was saying that the defendant failed to meet his burden of production, or that he had

but applying all the evidence, including the continued weight of the presumption, the defendant must be detained. Since the Court relied on all the evidence (rather than a failure to meet the burden of production), it is assumed that the burden of production was met, but the matter is far from clear.

F.3d 1 (1 Cir.1995) (Table), 50 F.3d 1, 1995 U.S.App. Lexis 4880 (1 Cir., Mar. 14, 1995), the First Circuit found explicitly that the defendant's evidence, which included the offer to "post a surety bond secured by his uncle's real estate," 50 F.3d 1, 1995 U.S.App. Lexis 4880, *8 n. 7, was sufficient to meet the defendant's burden of production. 50 F.3d 1, 1995 U.S.App. Lexis 4880, *13. In the case of *United States v. Valdivia,* 104 Fed.Appx. 753 (1 Cir.2004), the Court declined to decide whether the burden of production was met but the Court did note that the defendant had "relatives" who were willing to "help finance his bail." *Id.* at 754.

In short, in the instant case, the defendant must offer or proffer more evidence, probably in the form of some security, in order to meet his burden. Therefore, the defendant will be detained on the basis of his failure to meet the burden of production. Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra.* Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U.S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).